## 60018. WOODARD v. THE STATE.

SHULMAN, Judge.

Defendant appeals his conviction of the offense of armed robbery. We affirm.

1. Appellant contends that his character was impermissibly placed in issue when a police officer testified at trial that he found an available photograph of the suspect to show to certain potential witnesses for purposes of identifying the defendant. Appellant submits that such testimony indicated that defendant's photograph was already in police records, implying that defendant had been previously arrested or convicted of another crime. We find no error.

Under the authority of *Creamer v. State,* 229 Ga. 704 (2) (194 SE2d 73), and *Woodard v. State,* 234 Ga. 901 (2) (218 SE2d 629), we find that the police officer's mere reference to a photograph of the defendant, without more, did not inject the defendant's character into evidence. This enumeration does not therefore present grounds for reversal.

2. Defendant complains of the admission of evidence of independent crimes, similarly asserting that such evidence impermissibly placed his character in issue. Defendant acknowledges that evidence of independent crimes may be admissible for the purpose of showing common motive, plan or scheme, but argues that it was not established with sufficient certainty that defendant was the perpetrator of the independent crimes or shown with sufficient particularity that such crimes were similar or connected to the offense charged so as to render such evidence admissible. (For a general discussion of the prerequisites for the admissibility of evidence of independent crimes, see *Bacon v. State,* 209 Ga. 261 (71

SE2d 615).)

We must take issue with appellant's contentions. In view of the fact that the offense charged and the independent crimes occurred on the same evening in the same geographical location (one involving a Majik Market as alleged in the case at bar, the other a gasoline station), the testimony of a witness (a taxicab driver) that he drove defendant to all three locations on the night in question and the in-court identification of defendant as the perpetrator of all three offenses, we hold that the trial court properly admitted evidence of the independent crimes for the purpose of showing common motive, plan or scheme. See *High v. State,* 153 Ga. App. 729 (266 SE2d 364) (1980). See also *Hamilton v. State,* 239 Ga. 72 (235 SE2d 515). The fact that defendant was not arrested and charged with the commission of the independent crimes does not render evidence of the commission of such crimes inadmissible. See, e.g., *Hamilton,* supra, p. 75; *Perryman v. State,* 149 Ga. App. 54 (4) (253 SE2d 444); *Andrews v. State,* 143 Ga. App. 791 (240 SE2d 142).

Finding no error for any reason assigned, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED JUNE 16, 1980 — DECIDED SEPTEMBER 3, 1980.

*Joseph M. Todd,* for appellant.

*Robert E. Keller, District Attorney, Jack T. Wimbish, Assistant District Attorney,* for appellee.