## 71659. POPE v. THE STATE.
### (342 SE2d 330)

DEEN, Presiding Judge.

"What's in a name?" inquired Shakespeare's most celebrated heroine; and appellant Napoleon Elijah Pope may well be asking the same question. With four felony convictions already to his credit, appellant, bearer of names rich in connotations of temporal and spiritual power and glory, was found guilty on a charge of theft by taking and sentenced to twenty years' imprisonment.

The evidence adduced at Pope's trial showed that two black males — one of them appellant, according to eyewitness testimony — were observed entering and driving away in a late-model yellow Cadillac which had been left unattended, with the keys inside, while its owner briefly went into an Atlanta liquor store. The owner immediately reported the theft of the car to Atlanta police. Less than an hour later a police officer spotted the car parked in a section of the city several miles distant, with a black male (subsequently identified by appellant as one Kenneth Ronald) standing beside it and appellant in the front seat examining the contents of a briefcase, later identified as belonging to the car's owner. Ronald ran when the police officer approached and was apparently never apprehended, but Pope was placed under arrest and was found to have on his person several items belonging to the owner of the Cadillac.

In response to questioning by police officers, appellant denied any knowledge that the automobile was stolen and insisted that Ronald had offered him a ride and then had asked him to drive because he (Ronald) had been drinking. Appellant stated that he did not know where Ronald lived.

On appeal, Pope enumerates as error the alleged violation of his constitutional right to confront the witness who had observed the two men driving the car away, alleging that the court refused to permit this witness' recall to the stand or to admit his "rap sheet" into evidence. He further assigns as error the court's admitting testimony regarding similar transactions and admitting into evidence copies of Pope's prior convictions. *Held:*

1. The record reveals that after both sides had rested, appellant

sought to recall to the stand Eddie Harris, the eyewitness who had observed the actual asportation of the automobile. Harris had been cross-examined by appellant's counsel, but the latter sought to reopen the evidence in order to impeach Harris on grounds of bad character by introducing evidence that he had had at least one brush with the law. Appellant apparently planned to do this by tendering Harris' "rap sheet" and by attempting to elicit testimony to this effect from Harris himself and from a police identification technician. The court, in declining to reopen the evidence, apparently reasoned that this should have been attempted when the defense originally had Harris on cross-examination; moreover, a properly tendered certified copy of a burglary conviction naming Harris had previously been admitted, so that whatever other evidence could have been adduced had the court reopened the evidence would have been largely cumulative with regard to the issue of the eyewitness' character.

Whether or not to reopen the evidence after both sides have rested is a matter strictly within the court's discretion, and that determination will not be interfered with absent abuse. *Rick v. State*, 152 Ga. App. 519 (4) (263 SE2d 213) (1979); *Peters v. State*, 131 Ga. App. 513 (206 SE2d 623) (1974). Excluding evidence which is merely cumulative is not reversible error. *Wilbanks v. State*, 165 Ga. App. 876 (303 SE2d 144) (1983). We find no abuse here, and conclude that this enumeration has no merit.

2. It is well settled that evidence of prior similar transactions is admissible to show motive, intent, common design or plan, etc., provided certain requirements are met. *Frank v. State*, 141 Ga. 243 (80 SE 1016) (1914). In *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321) (1980), Georgia's Supreme Court held: "The *only* separate crimes which are admissible are those that are either similar *or* logically connected to the crime for which defendant is being tried. Crimes which are not similar or which are not logically connected to the crime for which defendant is being tried should be excluded from evidence. Proof of crimes which *are* similar or *are* closely connected to the crime charged *does* tend to establish the crime charged." See *Millwood v. State*, 164 Ga. App. 699, 701 (296 SE2d 239) (1982). In each of the four car thefts for which appellant was previously convicted, the facts were very similar to those of the other three instances and of the case *sub judice*. The test of similarity was met, and the trial court did not err in admitting evidence of appellant's prior theft convictions.

3. The evidence which appellant challenges in his final enumeration consists of certified copies of the guilty pleas, indictments, or sentences related to the prior crimes discussed in Division 2, supra. It is elementary that such documents are admissible if they pertain to crimes concerning which testimony has been admitted and a founda-

tion laid thereby. This enumeration, too, is without merit.
*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED FEBRUARY 12, 1986 —
REHEARING DENIED MARCH 7, 1986.

*Derek H. Jones*, for appellant.
*Lewis R. Slaton, District Attorney, Robert A. Weathers, Richard E. Hicks, Joseph J. Drolet, Assistant District Attorneys*, for appellee.