71339. PONTOON v. THE STATE.
(341 SE2d 505)

POPE, Judge.
Jimmy Fitzgerald Pontoon appeals from his conviction of rape.

1. Appellant contends that the trial court erred in granting over his objection the jury's request during deliberations to hear a tape recording of the victim's testimony. He urges this court to adopt a stricter standard requiring that when a jury is permitted to rehear testimony the trial court must either give a cautionary instruction, specifically inquire whether the jury also wishes to rehear any additional testimony, or conduct an independent or in-camera inspection of the entire record to ensure that there is no confusion or conflict, in order to minimize the possibility of a jury assigning any undue weight or influence to the reheard testimony.

"The rule in this state is that the trial judge, in his discretion, may permit the jury at their request to rehear in the defendant's presence the requested testimony after beginning deliberation.

[Cits.]" *Johns v. State*, 239 Ga. 681, 683 (238 SE2d 372) (1977). "The jury is entitled to designate the testimony which it desires to rehear, in the absence of special circumstances which might work an injustice. [Cits.]" *Harris v. State*, 173 Ga. App. 787, 789 (328 SE2d 370) (1985). "While [some] later cases approve of cautionary instructions they do not demand that [they] be given so as to require reversal in the event such instructions are not given." *Walker v. State*, 170 Ga. App. 82, 84 (316 SE2d 544) (1984). Our review of the victim's testimony discloses no special circumstances which might work an injustice or require reversal, and we decline to deviate from the well-established standards now in effect.

2. Appellant asserts that the trial court erred in denying his motion for new trial based on the ground that at trial the State had in its possession exculpatory material which was not disclosed to him until after the trial and sentencing. This evidence consisted of "seven latent lift cards" listed in a report issued a week prior to trial by the Georgia Bureau of Investigation, Division of Forensic Sciences, along with sealed rape evidence kits containing items identified as coming from the victim and the suspect and articles of the victim's clothing. Although appellant filed timely motions seeking discovery of scientific reports and exculpatory material, the State failed to disclose the existence of these fingerprints, which were never tested, prior to trial. Indeed, the investigating detective stated at trial that he had not then received any results from the examination by the crime lab of the physical evidence he had gathered at the scene of the crime, and thus nothing from the report was introduced in evidence.

As pointed out by appellant, in determining whether the State's failure to disclose evidence to the defense denied the defendant a fair trial, the proper standard of the materiality of undisclosed evidence is that if the omitted evidence creates a reasonable doubt of guilt which did not otherwise exist, constitutional error has been committed. *United States v. Agurs*, 427 U. S. 97 (96 SC 2392, 49 LE2d 342) (1976). The rape here occurred in either an abandoned building or one under construction, from which it can only be inferred that any number of people would have had ready access. Thus, due to the location of the fingerprints taken, it is uncertain how their introduction in evidence would work to exonerate appellant even if they were determined to be of other persons, and there is little likelihood that this would have affected the judgment of the jury.

The affirmative duty to disclose imposed by *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), "attaches only when the evidence in the [S]tate's possession is clearly exculpatory. Otherwise, the [S]tate need only disclose the information upon request by the defense *supported by a showing of materiality*. [Cits.]" (Emphasis supplied.) *Duncan v. State*, 163 Ga. App. 148, 150 (294 SE2d 365)

(1982). In any event, "even if there had been a violation by the [S]tate, the remedy would have been exclusion of the evidence rather than a mistrial. OCGA § 17-7-211 (c). . ." *Dawson v. State*, 166 Ga. App. 515, 518 (304 SE2d 570) (1983). We find no denial of due process in the non-disclosure asserted here, nor any failure to comply with the statutory discovery scheme mandating reversal. It follows that appellant was not entitled to a new trial. Accord *Fields v. Alaska*, 524 F2d 259 (9th Cir. 1975).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 18, 1986.

*David V. Weber*, for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.