71044. HENRY v. THE STATE.
(342 SE2d 499)

BENHAM, Judge.

This appeal of Clifford James Henry is brought from his conviction of rape and the denial of his motion for new trial.

1. The threshold inquiry concerns the sufficiency of evidence necessary to convict for rape. The jury was warranted in believing that on the night of April 29, 1983, the 78-year-old victim was resting in bed at her home on Sentry Street in Columbus, Georgia, when the doorbell rang. Due to her inability to walk without the assistance of her walker, she was slow in getting to the door. Fearing that she might be set upon by an intruder, she took a butcher knife with her and without opening either the door or the screen, asked who was at her door. The assailant responded that his car had broken down and that he needed to come in and call his brother. The victim refused to open the door, and the assailant continued to plead for entrance, saying, "Just let me in, I'm not going to hurt you. I just want to use the phone." The victim offered to call help for him, but the assailant would not give her a number to call. During the conversation through the door, the victim heard the assailant repeatedly trying to turn the latch to gain entrance. As the victim, supported by her walker, stood at the door, the assailant entered by snatching the screen door off and breaking down the door. The victim tried to flee but the assailant pounced upon her, whereupon she slashed him on the forehead with the butcher knife. The assailant wrestled the victim to the floor, took the knife from her, and, while holding her hands down, had sexual intercourse with her against her will. The room was dark and the victim could not identify her attacker other than by height, weight, head shape, and race.

OCGA § 16-6-1 states that rape is committed when a person has carnal knowledge of a female forcibly and against her will. Therefore, the evidence was sufficient to allow a jury to find beyond a reasonable doubt that the offense of rape was committed. Further, the victim's identification of appellant and the presence of a scar on his forehead consistent with the victim's testimony that she cut her assailant there was sufficient to allow a jury to find beyond a reasonable doubt that

appellant was the perpetrator of the rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Perry v. State*, 154 Ga. App. 385 (268 SE2d 747) (1980).

2. Appellant assigns as error the admission of evidence concerning voice identification. In support of this contention, he cites *Walter v. State*, 131 Ga. App. 667 (206 SE2d 662) (1974). In addition, appellant contends that the vocal exemplar was obtained through compulsion, threat or artifice, all against his will. This contention is not borne out by the facts, which show that several months after this incident, appellant was arrested while hiding under the bed at his mother's house. Upon being taken into custody, he was advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). Appellant was placed in a five-man lineup and asked to repeat the following: "Just let me in. I'm not going to hurt you. I just want to use the phone." The victim positively identified appellant's voice as that of her assailant, and she showed no equivocation whatsoever. The evidence shows that she had an opportunity to hear his voice at the door and during the rape itself; she identified the voice some three months after the crime. The scar on his head was consistent with the victim's statement that she slashed the assailant on the forehead. The victim showed no equivocation when she identified appellant's voice. Therefore, the identification process was proper.

Appellant's reliance on *Walters v. State*, supra at 670, and the maxim "nemo tenetur seipsum prodere," that no man is bound to accuse himself of any crime, or to furnish any evidence to convict himself of any crime, is misplaced since the evidence clearly shows that no force, trick, or artifice was used in obtaining the exemplar since appellant consented to give his voice exemplar. Hence, this enumeration must fall under the weight of analysis.

3. Appellant contends that his character was improperly placed into evidence by police reference to the fact that his picture was on file. "[W]e find that the police officer's mere reference to a photograph of the defendant, without more, did not inject the defendant's character into evidence. This enumeration does not therefore present grounds for reversal." *Woodard v. State*, 155 Ga. App. 533 (271 SE2d 671) (1980).

4. Lastly, appellant contends that the sentence of life imprisonment was unnecessarily harsh. Pretermitting the fact that sentences within statutory limits, as was appellant's (OCGA § 16-6-1 (b)), will not be reviewed by this court, such questions being properly addressed to the Sentence Review Panel (*Tommie v. State*, 158 Ga. App. 216 (1) (279 SE2d 510) (1981)), we discern no excessiveness in a life sentence when rape is committed against a 78-year-old disabled woman by the use of force, violence, and threats of death during the commission of the offense.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 6, 1986.

*H. Haywood Turner III*, for appellant.
*William J. Smith, District Attorney, Douglas C. Pullen, Assistant District Attorney*, for appellee.