### 71631. BOSWELL v. THE STATE.
(342 SE2d 744)

SOGNIER, Judge.

Appellant was convicted of armed robbery and aggravated assault, and he appeals.

1. Appellant contends the evidence is not sufficient to support the verdict. The evidence disclosed that after attending a company Christmas party Willie Johnson, the victim, drove around for one or two hours testing out a new car he had bought for his wife for Christmas. Around 3:00 a.m. Johnson stopped at a small club for a beer; after being at the club a short while Johnson went outside. After engaging in conversation with appellant and another man Johnson was walking away from the club with them. Appellant suddenly grabbed Johnson by both arms and the second man hit him and demanded his money. They took Johnson's wallet and finding no money therein, the unknown man took Johnson's car keys and found $10 and a check for $200 in the glove compartment of Johnson's car. Appellant, who had been guarding Johnson with a gun, convinced his companion to leave the check. Appellant's companion then took the gun, placed it to Johnson's head and told him if he moved he would blow Johnson's brains out. The men then walked away into a wooded area. Johnson was bleeding from three wounds in his head and started driving to the Medical Center. He met P. W. Ezell, a policeman, and told him what happened and gave Ezell a description of the two men who had robbed Johnson. While patrolling the area where the robbery occurred Ezell saw two men fitting the description of the robbers; as Ezell approached the men, they ran off in opposite directions. Ezell followed appellant into an apartment complex and found appellant hiding near a fence and arrested him. Appellant was taken to the Medical Center where he was identified by Johnson as one of the two men who robbed him. Appellant denied any knowledge of, or participation in, the robbery.

We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d

560).

2. Appellant contends the trial court erred by failing to suppress the in-court identification of him by Johnson, because the identification of appellant at the Medical Center was impermissibly suggestive.

When appellant was taken to the Medical Center a detective went into the emergency room and told Johnson: "Well, we have one of the guys that robbed you. He's outside in the car. Come out and take a look at him and identify him." When Johnson went outside appellant was in the police car and after Johnson looked in the car, the police had appellant get out of the car so Johnson could get a better look at him. Johnson identified appellant as one of the two men who robbed him. Appellant argues that because the detective told Johnson that the police had one of the men who robbed him out in the police car, the identification was impermissibly suggestive, thereby tainting the in-court identification. We do not agree.

Johnson had given Ezell a physical description of appellant, including the fact that he had a beard and a moustache, and had described the clothing appellant was wearing. Johnson was positive in his identification of appellant and did not hesitate in identifying him. The identification was made within an hour or less of the robbery, and Johnson had ample time before and during the robbery to observe appellant. Two days later Johnson again identified appellant at his arraignment in Recorder's Court, and when Johnson was asked by the court how he was sure appellant was the man that robbed him, Johnson said it was because appellant had a beard, moustache and was dark-skinned, and the clothes appellant was wearing in court were the same clothes he was wearing when Johnson was robbed. It is clear from such testimony that Johnson had an independent basis, aside from the detective's remark at the emergency room, for identifying appellant.

In a preindictment identification it is the "totality of the circumstances" that must be considered, including the opportunity the witness had to view the defendant at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the defendant, and the level of certainty demonstrated by the witness at the confrontation. Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401); Barner v. State, 139 Ga. App. 50, 51 (2) (227 SE2d 874) (1976). Applying this standard to the facts of the instant case, we find no likelihood of a misidentification of appellant resulting from the detective's comment prior to the one-on-one confrontation. Neil v. Biggers, supra; Wright v. State, 166 Ga. App. 295, 297 (1) (304 SE2d 105) (1983). Accordingly, the court did not err by failing to suppress Johnson's in-court identification of appellant.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

*H. Haywood Turner III*, for appellant.

*William J. Smith, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.