43097. LEWIS v. THE STATE.
(341 SE2d 434)

SMITH, Justice.

A Baldwin County jury found the appellant, Willie James Lewis, Jr., guilty of the armed robbery of Johnny Walker, but deadlocked upon the charge that the appellant murdered Walker. The trial court declared a mistrial on the murder count, and upon retrial, another Baldwin County jury found the appellant guilty of Walker's murder. The appellant received life sentences on both the armed robbery and the murder counts. He raises three issues on his appeal of these con-

victions. We affirm.[1]

Friends discovered Walker's lifeless body on March 20, 1985. He had been stabbed repeatedly in the neck. Police found the appellant's fingerprints on a glass in Walker's house, and they found the appellant's palmprint on Walker's kitchen wall, over a blood-stained area of the kitchen floor.

When arrested and questioned, the appellant stated to the police that he and a friend had gone to Walker's house to buy beer. After they had been there for a while, the appellant, acting on the instructions of his friend, held Walker down on the floor while the friend stabbed Walker. They subsequently took a large amount of money from Walker's house to a motel, where they divided the money.

The appellant then led the police to a vacant house where he showed them a blood-stained bag containing a large number of coins. A serologist testified that the blood on the bag matched Walker's blood-type and enzyme characteristics. Witnesses for the state testified that shortly after the date of Walker's murder, the appellant purchased a stereo and a large amount of clothing. In addition, a prisoner who shared a cell with the appellant testified that the appellant told him that he had killed a man and did not want to kill another.

1. The appellant first raises the general grounds. We find the evidence sufficient to support the conviction of armed robbery and the murder conviction under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that the trial court should have declared a mistrial in each trial after a witness for the state placed the appellant's character into evidence in contravention of OCGA § 24-9-20.

(a) At the appellant's first trial, in which he was convicted of armed robbery, a detective in the Baldwin County Police Department testified that the police identified the appellant's fingerprint by comparing it to a print that the police already had on file. The appellant contends that this testimony violated OCGA § 24-9-20, and that the trial court should have declared a mistrial at that point in the trial. In *Woodard v. State*, 234 Ga. 901, 902 (218 SE2d 629) (1975), we held that testimony by a police officer that he had found a picture of a defendant in his files did not inject the defendant's character into the

---

[1] The crime was committed on March 19, 1985. The Baldwin County jury returned its verdict of guilty on August 7, 1985. A motion for new trial was filed August 27, 1985. The transcript of evidence was filed October 7, 1985. The motion for new trial was amended and overruled on November 22, 1985. Notice of appeal was filed December 16, 1985. The record was docketed in this Court January 8, 1986 and argued February 21, 1986.

Although the appellant's armed robbery conviction was returned on June 26, 1985, we have consolidated these appeals due to the intertwining of the records and issues in the two trials.

trial. As we view the detective's testimony in this case to be equivalent to the testimony of the officer in *Woodard* for the purposes of OCGA § 24-9-20, we find that the testimony in the first trial did not inject the appellant's character into evidence.

(b) At the second trial, the witness testified that he had previously arrested a person in Baldwin County with the appellant's name. While, as the state concedes, the witness wrongfully introduced the appellant's character into evidence, the trial court did not abuse its discretion in instructing the jury to disregard the statement rather than declaring a mistrial. *Goodman v. State*, 255 Ga. 226, 227 (336 SE2d 757) (1985).

3. The appellant finally asserts that the trial court should have suppressed the appellant's confession in both trials since it was induced "by the slightest hope of benefit or remotest fear of injury." OCGA § 24-3-50.

After the appellant's arrest, and at the beginning of his interrogation, a detective on the case made certain statements to the appellant which we do not find in violation of OCGA § 24-3-50. We find no error.

·*Judgments affirmed. Marshall, C. J., Clarke, P. J., Smith, Gregory, Weltner, and Bell, JJ., concur.*

DECIDED APRIL 9, 1986.

*J. David McRee, Reginald L. Bellury,* for appellant.
*Joseph H. Briley, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Staff Assistant Attorney General,* for appellee.