## 46255. LEE v. THE STATE.
(378 SE2d 855)

HUNT, Justice.

Reginald Travis Lee was convicted by a Chatham County jury of the felony murder of James L. Jones, a professor at Armstrong State College. He received a life sentence and appeals.[1]

The jury was authorized to find the following facts with respect to the defendant's involvement in the death of Professor Jones. Lee

---

[1] The killing occurred on Sunday, October 25, 1986, and the defendant was indicted in the March Term 1987. His jury trial was held on January 11 through 13, 1988, in Chatham County and the judgment was entered on the jury's verdict on January 15. A motion for new trial was filed on February 16 and denied on July 8, 1988. His notice of appeal was filed in the trial court on July 29, 1988, the transcript was certified on September 26, 1988, and the appeal docketed in this court on September 30 and argued on January 9, 1989.

was invited by a friend, Joseph Lawton, Jr., to Jones' apartment to watch a Sunday afternoon football game and to have a few drinks. Jones was grading papers in his bedroom when he called the defendant in to "finish showing him the rest of the condominium." Then, according to Lee, the victim, Jones, made sexual advances toward the defendant and the defendant hit the victim and a struggle ensued.

The victim was overcome by Lawton and Lee who together tied his feet, his hands, and wrapped a sweater around his mouth and neck. Lawton and Lee then took the victim's stereo equipment, VCR and car keys and departed the condominium. They loaded the stolen items in the trunk of the victim's car, and drove to a vacant house near Lawton's home where they hid the stolen property, then abandoned the auto at a motel near the Talmadge Memorial Bridge, from which they threw the keys into the river.

The victim's body was found three days later. He had died from asphyxiation caused by the manner in which the sweater caused the angle of his jaw to press upon his neck. Physical evidence at the scene led to the arrest of Lawton and Lee. The defendant gave two separate inculpatory statements to the police and he testified at his separate trial concerning his involvement in the events leading to Professor Jones' death.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. Lee's principal contention is that he was entitled to a jury instruction on the lesser offense of involuntary manslaughter, OCGA § 16-5-3 (a).[2] That is, he contends, the jury could have decided he unintentionally caused Jones' death by the commission of a misdemeanor. Neither in the presentation of his requests to charge to the trial court nor in his argument to us does he specify the misdemeanor involved.[3]

The state's theory of the case is that Lee caused the victim's

---

[2] The state asserts a procedural bar to this issue because the defendant waited until the morning after the charge conference to submit his request on involuntary manslaughter, contrary to the trial court's instructions. However, as we view the record, the trial court ruled on the merits of the request. We will do likewise.

[3] In his brief, defendant argues that

The jury could have found that the placing of the sweater around the mouth of the deceased by the Appellant was an unlawful act which in and of itself was not a felony and was done without an intent to kill that caused the death *when it was tightened* twelve (12) to thirty-six (36) hours after the accused fled from the apartment. [Emphasis supplied.]

Under this argument the intervening act of a third person caused the victim's death and it would hardly support the requested charge.

death while Lee was in the commission of robbery by force, theft by taking, or both.[4] The element of force involved the beating and restraining of the victim. Although Lee admitted in a previous statement that he had participated in all elements of both crimes, at trial he denied committing either of the underlying felonies. He placed the responsibility for those crimes upon his co-defendant, Lawton.

Lee's trial version of his role in the physical injury to the victim may be summarized as follows: Jones made sexual advances towards him and he feared for his own safety. He and Jones tussled and eventually he knocked Jones to the floor. Lawton tied Jones' feet and Lee tied Jones' hands behind his back and then tied a sweater over Jones' mouth and around his neck. The sweater was then later tightened by Lawton or an unknown party after Lee departed.

These facts do not provide even the slightest evidence that Jones' death was caused by a misdemeanor. He died because he could not breathe and could not move either his hands or feet in order to remove the sweater or to seek help for that purpose. If Lee's conduct were unjustified and therefore unlawful, it would be felonious. If it were justified in connection with self-defense the defendant has no complaint because his position on justification was fully charged to the jury. The requested charge on involuntary manslaughter was not authorized and there was no error in refusing it.

3. The defendant's contention that he was entitled to a charge on theft by receiving stolen property as a lesser included offense of robbery by force or of theft by taking is meritless, *Sosbee v. State*, 155 Ga. App. 196, 197 (270 SE2d 367) (1980).[5]

4. The remaining enumeration of error involves a replaying of the detective's testimony regarding the defendant's out-of-court statements. We find no abuse of the trial court's discretion in replaying only what the jury asked to hear. *Byrd v. State*, 237 Ga. 781, 783 (229 SE2d 631) (1976).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 11, 1989.

*Willyerd R. Collier,* for appellant.

*Spencer Lawton, Jr., District Attorney, J. Clayton Culp, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie*

---

[4] The jury found Lee guilty of both robbery by force and theft by taking. The trial court merged these convictions into that for felony murder.

[5] On the contrary, theft by taking is a lesser included offense of theft by receiving. *Callahan v. State*, 148 Ga. App. 555, 557 (251 SE2d 790) (1978).

*Snelling, Jr., Assistant Attorney General,* for appellee.