A90A2339. RICHARDSON v. THE STATE.
(403 SE2d 877)

BEASLEY, Judge.

Appellant was convicted of rape and aggravated sodomy. He contends that the State impermissibly placed his character in issue through testimony elicited by the prosecuting attorney and through her questions, entitling him to a mistrial. He further contends that the court erred in failing to instruct the jury to disregard the inadmis-

sible evidence and improper remarks.

The evidence supporting the verdict showed the following. During the early morning hours of October 14, 1988, Lizzie Kay Collier was admitted to the hospital. She had blood on her face, hands, and clothing. She had bruises and abrasions, and she was shaking and crying. Ms. Collier knew appellant, and while she was walking home, he accosted her, kicked her in the head, struck her repeatedly, and dragged her into a cemetery, where he raped her in the vagina and anus. Spermatozoa was found in her vagina, although it was not tied to appellant through blood or DNA testing.

Appellant testified that he and Ms. Collier had smoked cocaine together. Although she told him she would have sex with him prior to smoking the cocaine, when they finished she reneged, stating she was on her period. He got furious with her and beat her severely. On cross-examination appellant admitted that he is a crack cocaine addict and that he sells cocaine and trades it for sex.

1. In her cross-examination of appellant, the prosecuting attorney asked the appellant whether he had ever met her before, and appellant stated that he had. The prosecuting attorney responded, "In the courtroom?" Appellant responded, "Yes, right here at this same spot."

Defense counsel objected, on the ground that the State was trying to put appellant's character in issue and could do it by prior convictions but not in the manner attempted. Without making any clear ruling on the objection, the trial court instructed the prosecuting attorney to proceed.

This question did not place appellant's character in issue. See *Lewis v. State*, 255 Ga. 681, 682-683 (2a) (341 SE2d 434) (1986); *Woodard v. State*, 155 Ga. App. 533 (1) (271 SE2d 671) (1980).

2. Appellant claims that the trial court should have granted his motion for mistrial because the State placed his character in evidence by asking a law enforcement officer whether he knew appellant, to which the witness volunteered, "I know him on previous arrest warrants." The trial court overruled the motion for mistrial and did not instruct the jury to disregard the testimony.

This testimony placed appellant's character in evidence, in violation of OCGA §§ 24-2-2 and 24-9-20 (b). It was not admissible as an exception. See the dissenting opinion in *Hodges v. State*, 85 Ga. App. 617, 623 (2) (70 SE2d 48) (1952), for a collection of exceptions.

In cross-examination of defendant, the State elicited testimony from appellant that he was hiding under the bed in his house when he was being sought by the police. The prosecuting attorney pursued the subject and asked: "That's where you usually hide when officers are looking for you?" Appellant responded affirmatively. The next question was, "As a matter of fact, every time you've been arrested in your

house, you've been under the bed, hadn't you?" Defendant replied, "Not exactly." Objection was made again on the ground that the State was placing his character in issue. The court overruled the objection, and a different subject was addressed.

These questions and responses alluding to prior arrests also impermissibly placed appellant's character in issue.

"When prejudicial matter is placed before the jury in a criminal case, the trial judge must decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions. See *Felton v. State*, 93 Ga. App. 48 (90 SE2d 607) (1955)." *Stanley v. State*, 250 Ga. 3, 4 (2) (295 SE2d 315) (1982). See also Green, Ga. Law of Evidence (3d ed.), § 10.

Whether the giving of corrective instructions is sufficient to cure the error, or whether the declaration of a mistrial is necessary, are questions addressing themselves to the discretion of the trial judge. See, e.g., *Sabel v. State*, 250 Ga. 640, 643-644 (5) (300 SE2d 663) (1983); *Ladson v. State*, 248 Ga. 470, 478 (12) (285 SE2d 508) (1981).

Improper statements by counsel require rebuke of counsel and instruction to the jury, when objection is made, and sometimes even mistrial. OCGA § 17-8-75.

In this case, the State placed inadmissible and prejudicial matter before the jury on at least two occasions. The trial court failed to take any corrective action in fulfillment of its duty. For further discussion of it, see Daniel, Ga. Criminal Trial Practice, § 20-25 at p. 590. These errors cannot be considered harmless, even though appellant admitted to some criminal conduct, because defendant was denied a fair trial.

Nor can we conclude that it is highly probable that the errors did not contribute to the verdict and judgment, as the case turned on whether the jury believed the victim's or appellant's version of the incident. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976); cf. *Minter v. State*, 258 Ga. 629, 630 (2) (373 SE2d 359) (1988).

*Judgment reversed. Sognier, C. J., Birdsong, P. J., Carley, Pope and Cooper, JJ., concur. McMurray, P. J., Banke, P. J., and Andrews, J., dissent.*

ANDREWS, Judge, dissenting.

I respectfully dissent because I believe the defendant waived any objection to the initial reference to his previous arrest by not objecting to it when made. As to the second incident found to have placed his character in issue, again alluding to previous arrests of defendant, he had previously admitted the commission of numerous other felonies before this occurred, and, even if improper, I find it

harmless in this context.

1. The first reference was that the officer knew defendant "on previous arrest warrants." No objection was then voiced, nor was any made for the next eight unrelated questions and answers. Then the motion for mistrial was made, contending defendant's character had improperly been put in issue. " '(A) motion for mistrial which is not made at the time the questions objected to are answered is not timely and will be considered as waived because of the delay in making it. (Cits.)' *Dye v. State*, 177 Ga. App. 824, 825 (341 SE2d 314) (1986); [Cits.]" *McCounly v. State*, 191 Ga. App. 266, 269 (5) (381 SE2d 552) (1989).

2. Pretermitting the issue of whether defendant, by acknowledging commission of several other felonies during his testimony, had already placed his character in issue, see *Jones v. State*, 257 Ga. 753 (363 SE2d 529) (1988), it is clear that the prosecutor's allusions to other arrests of defendant did not so prejudice him that the court was required to sua sponte grant a mistrial. *Stanley v. State*, 250 Ga. 3, 4 (2) (295 SE2d 315) (1982). No request for mistrial or curative instructions was made by defendant, only an objection that the State had placed his character in issue. There was no reversible error. Id.; *Tyler v. State*, 198 Ga. App. 685 (402 SE2d 780) (1991).

I am authorized to state that Presiding Judge McMurray and Presiding Judge Banke join in this dissent.

DECIDED MARCH 8, 1991.

*L. Clark Landrum*, for appellant.
*David E. Perry, District Attorney, Ronnie A. Wheeler, Assistant District Attorney*, for appellee.