## S91A0284. STEPHENS v. THE STATE.
(405 SE2d 483)

HUNT, Justice.

Stephens was convicted of the sale of cocaine and was sentenced to life in prison under OCGA § 16-13-30 (d), which mandates a life sentence for a second conviction of selling cocaine.[1] On appeal Stephens contends the trial court erred by restricting defense counsel's voir dire; the court erred by closing the courtroom during the testimony of an informant; the court erred by allowing the state to introduce evidence of Stephens' prior conviction for the sale of cocaine; the court erred by failing to grant a mistrial when the informant referred to Stephens as a junkie; the court erred in allowing the jury, after it had started its deliberations, to rehear a tape recording without cautionary instructions; and § 16-13-30 (d) is unconstitutional in that the life sentence it mandates constitutes cruel and unusual punishment. For the reasons set forth in Division 6, we reverse.

1. The evidence showed that Stephens sold cocaine worth about $50 to an informant, Tim Allison, who was working with Officer Mark McGinnis, a narcotics agent. We conclude the evidence was sufficient for a rational trier of fact to have found Stephens guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his first enumeration of error, Stephens contends the trial court erred by restricting his voir dire. We find no error. *Baxter v. State,* 254 Ga. 538, 543 (7) (331 SE2d 561) (1985).

3. Stephens enumerates as error the trial court's refusal to grant a mistrial following an allegedly prejudicial statement made by Allison. We find no abuse of discretion. *Lewis v. State,* 255 Ga. 681, 683 (2b) (341 SE2d 434) (1986).

---

[1] The crime occurred on September 5, 1989. Stephens was indicted on November 7, 1989. The jury returned its verdict of guilty on April 13, 1990. Stephens filed a notice of appeal to the Court of Appeals on April 19, 1990. The court reporter certified the transcript on August 15, 1990, and the appeal was docketed in the Court of Appeals on August 31, 1990. The Court of Appeals transferred the case to this Court on November 26, 1990. The appeal was docketed in this Court on November 28, 1990. The appeal was orally argued on January 17, 1991.

4. Stephens contends the trial court erred by allowing the jury to rehear a tape recording of a conversation between Stephens, Allison, and McGinnis without giving cautionary instructions that the jury should not place any more or less emphasis on the tape than on other evidence presented at trial. We find no error. First, Stephens did not request a cautionary instruction. Moreover, whether to permit the replaying of a portion of testimony is within the discretion of the trial court, and the court is not required to give a cautionary instruction. See *Lee v. State*, 259 Ga. 230, 232 (4) (378 SE2d 855) (1989); *Pontoon v. State*, 177 Ga. App. 868 (1) (341 SE2d 505) (1986). We find no abuse of discretion in the instant case.

5. Stephens also contends § 16-13-30 (d) is unconstitutional in that the mandatory life sentence constitutes cruel and unusual punishment. Stephens acknowledges we recently have held that the life sentence mandated by § 16-13-30 (d) does not constitute cruel and unusual punishment under the Fourteenth and Eighth Amendments to the United States Constitution, *Grant v. State*, 258 Ga. 299, 300 (2) (368 SE2d 737) (1988). However, he argues that, under Art. I, Sec. I, Par. XVII of the 1983 Georgia Constitution, § 16-13-30 (d) constitutes cruel and unusual punishment because it does not allow the trial court to consider a rehabilitative sentence.

We disagree with Stephens' argument. The reasons for holding that § 16-13-30 (d) does not constitute cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution, see *Grant*, supra, 258 Ga. at 300, apply with equal force to Stephens' attack on the constitutionality of § 16-13-30 under the Georgia Constitution. Accordingly, we decline to hold the mandatory life sentence of § 16-13-30 (d) constitutes cruel and unusual punishment under Art. I, Sec. I, Par. XVII of the 1983 Georgia Constitution.

6. Stephens contends the trial court erred by permitting the state to introduce a certified copy of his prior conviction for the sale of cocaine. The state did not offer any evidence of the commission of the sale, but instead relied solely on the certified copy of the prior conviction.

We agree with Stephens that the introduction of a certified copy of his prior conviction of the sale of cocaine was error. At a pre-trial hearing pursuant to Uniform Superior Court Rule 31.3 (B) on the admissibility of evidence of the prior crime, the prosecutor demonstrated the similarity between the prior conviction and the crime for which the defendant was being tried by "stating in his place" the relevant facts of the prior conviction. The trial court's finding of sufficient similarity based on the prosecutor's statement of what he ex-

pected to show at trial was proper.[2] *Hall v. State*, 181 Ga. App. 92, 93 (1b) (351 SE2d 236) (1986). However, the state's establishment of a prima facie case of similarity does not satisfy its obligation to present proof on that issue at trial. Here no such proof was made. Only the conviction itself was offered.

> It is universally recognized . . . that "[t]he general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, *even though it be a crime of the same sort*, is irrelevant and inadmissible." [Cits.]

*Bacon v. State*, 209 Ga. 261, 262 (71 SE2d 615) (1952). However, for limited purposes such evidence may be admitted if two conditions are met:

> "First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.]"

*State v. Johnson*, 246 Ga. 654, 655 (1) (272 SE2d 321) (1980). Therefore, in this case, there must be some evidence to establish between the independent crime and the crime on trial such similarity to and logical connection with each other so that proof of the independent crime tends to establish, by evidence of identity, bent of mind, or intent, the commission of the crime for which Stephens is on trial. *Faison v. State*, 199 Ga. App. 447 (405 SE2d 277) (1991); *State v. Johnson*, supra at 657 (Justice Hill, dissenting); *Bacon v. State*, supra.[3]

Since we cannot say the erroneous admission of the prior conviction was harmless, Stephens' conviction in this case must be reversed.

7. We agree with Stephens' contention that the trial court erred by closing the trial to the general public, because the court failed to follow the specific requirements for closure set forth in *R. W. Page Corp. v. Lumpkin*, 249 Ga. 576 (292 SE2d 815) (1982). In *Lumpkin*

---

[2] Had the state presented evidence of similarity in this case during trial, as it did in the 31.3 (B) hearing, the only question concerning a challenge as to similarity would be whether the trial court's finding was clearly erroneous.

[3] See *Pope v. State*, 178 Ga. App. 148, 149 (3) (342 SE2d 330) (1986) in which the Court of Appeals held that certified copies of guilty pleas, indictments or sentences related to prior crimes are admissible only if they pertain to crimes concerning which testimony has been admitted and a foundation laid.

we held:

> [a] motion for closure shall receive no consideration by a trial court unless it is in writing, has been served upon the opposing party, has been filed with the clerk of the court and posted on the case docket . . . for at least one twenty-four hour period in advance of the time when the motion will be heard, and unless it alleges grounds for relief with that degree of particularity required under [OCGA § 9-11-7 (b) (1)]. The motion must be supported at the hearing by the movant by evidence constituting "clear and convincing proof" that no means available other than closure of the hearing will serve to protect the right of the movant. The hearing on the motion shall be open, reported and transcribed.

Id. at 580.

At the start of the trial, counsel for Tim Allison, who was scheduled to testify against Stephens, requested that the trial court close the courtroom except to the press. Counsel stated he was prepared to show the public's presence would place Allison in "imminent danger, bodily harm, or serious consequences." He also contended that the defendant's right to a public trial is not violated if the press is present but the general public is excluded. Counsel for Stephens objected to any exclusion of the general public. The trial court stated

> [w]here the courtroom is closed to the general public but otherwise open to the press and bar the defense is not necessarily deprived of a public trial, and given the circumstances of this case and expressed fear of possible harm to the witness the Court will grant [Allison's counsel's] request for closure.

Allison's counsel never presented any evidence of the possible harm to his client, and the court did not make written findings of fact and conclusions of law. In sum, the trial court failed to follow the requirements of *Lumpkin*. Contrary to the state's argument, the requirements outlined in *Lumpkin* do apply to the situation in this case, where the court excludes the general public but permits the news media to remain, and are not limited to the situation presented in *Lumpkin*, where the trial court excludes the general public and the news media. We hesitate to view as harmless the failure to follow the requirements of *Lumpkin*. The trial court, on retrial, is directed to follow those requirements in considering whether the trial should be closed to the general public.

*Judgment reversed. All the Justices concur, except Bell, J., who dissents.*

BELL, Justice, dissenting.

I dissent to Division 6 of the majority opinion and to the judgment of reversal. The majority erroneously predicates the admissibility of Stephens' prior criminal conduct on whether the facts in the prior case were similar to those in the instant case, and wrongly concludes that, as the certified copy of the conviction lacks any indication of factual similarity, the certified copy was inadmissible. Majority opinion p. 468. These errors stem from the majority's misperception of the true test of admissibility of other crimes evidence.

> The ultimate issue in determining the admissibility of evidence of other crimes is not mere similarity but relevance to the issues in the trial of the case. The inquiry is whether the proof of the extrinsic crimes tends to prove the crimes charged. [*Williams v. State*, 251 Ga. 749, 784 (4) (312 SE2d 40) (1983).]

In a more recent case we have reiterated the correct rule:

> The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence "may be admitted if it ' "is substantially relevant for some purpose other than to show a probability that (the defendant) committed the crime on trial because he is a man of criminal character. . . ." ' " *Williams v. State*, 251 Ga. 749, 755 [4] (312 SE2d 40) (1983). Thus, the requisite similarity between the two incidents depends on the purpose for which the evidence is being presented. If, for example, the evidence is being presented to prove the *identity* of the perpetrator of the offense charged, a long list of similarities between or among the crimes might be necessary to show that the crime on trial bears the defendant's "criminal signature." [*Maggard v. State*, 259 Ga. 291, 293 (2) (380 SE2d 259) (1989).]

In the instant case, the majority does not examine the purpose for which the other crime was admitted and does not examine whether the certified copy of the prior conviction, by itself, was relevant to that purpose. This failure, I believe, leads the majority to adopt an erroneous rule — that the state can never prove other crimes by the use of a certified copy of a conviction. In some cases, including this one (see below), the introduction of the certified copy of conviction is sufficient by itself to establish the relevance of the prior crime to the crime charged, and the state should not have to go to the unnecessary step of calling witnesses to testify regarding the other crime. In appropriate cases federal courts, which in relevant

part operate under the same rules regarding other crimes evidence that this state does, see Fed.R.Evid. 404 (b), permit the prosecution to rely solely on a certified copy of a prior conviction to prove a prior crime. See Wright and Graham, Federal Practice and Procedure, Vol. 22, § 5249 (1978); *United States v. Hadfield*, 918 F2d 987, 994 (4) (1st Cir. 1990) (copies of convictions relevant to defendants' intent to distribute drugs).

I will now examine the purposes for which the evidence of the prior crime was admitted in this case, and will show that the certified copy of the conviction tends to prove those purposes. On direct examination by the state, Allison testified that Stephens sold him cocaine. On cross-examination, defense counsel attempted to get Allison to admit that the cocaine was Allison's and that Allison was lying about Stephens selling the cocaine. The trial court later admitted the evidence of Stephens' prior conviction for the sale of cocaine to show Stephens' state or bent of mind and course of conduct regarding the sale of cocaine in the present case, i.e., that Stephens indeed sold the cocaine.

It is my opinion that, as the trial court concluded, Stephens' prior crime was relevant to demonstrate Stephens' state or bent of mind and course of conduct during the transaction at issue in this case. Stephens' state or bent of mind and course of conduct were placed in issue by Stephens' cross-examination of Allison. Furthermore, I conclude that the certified conviction of the prior crime was sufficient by itself for this purpose. Calling witnesses to give details of the prior sale of cocaine might have added somewhat to a fuller understanding of Stephens' state or bent of mind and course of conduct, but would have been unnecessary. Moreover, it has long been the rule in Georgia that a trial court, before admitting evidence of an independent crime, should balance the prejudice it creates against its relevance to the issues. *Robinson v. State*, 246 Ga. 469, 470 (2) (271 SE2d 786) (1980). If witnesses are available to testify regarding a prior crime (as was the case here), requiring the state to prove the prior crime by the conviction and by having witnesses describe to a jury the details of the crime will certainly have more prejudicial impact on the defendant than simply proving the prior crime by only the copy of the prior conviction. Thus, in cases in which the copy of the conviction establishes the relevance of the prior crime, it is to the defendant's benefit to have that crime proved only by a copy of the conviction and not by witnesses as well.

For the foregoing reasons I conclude the trial court properly admitted the certified copy of the conviction.

DECIDED JULY 3, 1991 —
RECONSIDERATION DENIED JULY 24, 1991.

*Summer & Summer, Daniel A. Summer,* for appellant.
*C. Andrew Fuller, District Attorney, C. David Turk III, Assistant District Attorney,* for appellee.