## A92A0212. OWENS v. THE STATE.
(418 SE2d 631)

McMurray, Presiding Judge.

Defendant was indicted for arson in the first degree (Count 1) and interference with government property (Count 2). The case was tried before a jury and defendant was found guilty but mentally ill on both counts of the indictment. Defendant appeals his convictions. *Held*:

1. Defendant contends the trial court erred in denying his mo-

tion for mistrial after a fire scene investigator testified that he prepared a report of his findings and gave it to the State's attorney. Defendant argues that the State's failure to provide him with a copy of the fire scene investigator's report was violative of his OCGA § 17-7-211 demand for any scientific reports. This enumeration is without merit.

"The remedy for a violation of OCGA § 17-7-211 is the exclusion of the evidence rather than the grant of a mistrial. *Pontoon v. State,* 177 Ga. App. 868, 870 (341 SE2d 505) (1986)." *Green v. State,* 194 Ga. App. 343, 345 (6), 346 (390 SE2d 285). In the case sub judice, defendant did not object to the fire scene investigator's testimony nor did he make a motion to strike the testimony offered by the fire scene investigator. Consequently, the refusal to grant a mistrial was proper. *Green v. State,* 194 Ga. App. 343, 345 (6), supra.

2. Defendant contends the trial court erred in denying his motion for directed verdict of acquittal on Count 1 of the indictment, arguing the State failed to prove that he burned the victim's house without permission or consent.

In Count 1, defendant was charged with arson in the first degree in that he knowingly burned the victim's unoccupied dwelling house. At trial, the victim testified that he owned a farm house near his home in Dodge County, Georgia, and that during the early evening of February 8, 1991, his wife noticed that a security light at the farm house did not appear to be functioning properly. The victim testified that he investigated and discovered that the farm house "was completely burned to the ground." The victim testified that he suspected arson when he saw the burned farm house. Defendant testified and admitted that he vengefully burned the victim's farm house. This evidence was sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of arson in the first degree by burning the victim's farm house without authority or consent. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED APRIL 13, 1992.

W. Dennis Mullis, for appellant.

James L. Wiggins, District Attorney, Timothy G. Vaughn, Assistant District Attorney, for appellee.