## A92A1006. SHARPE v. THE STATE.
(424 SE2d 332)

ANDREWS, Judge.

Sharpe, convicted of rape, aggravated sodomy, and kidnapping, appeals, contending that the court's allowance of the victim's in-court identification of him was error.

Prior to trial, Sharpe filed his motion in limine, seeking to prohibit the victim from identifying him in court on the sole ground that "[a]ny in court identification . . . will be tainted by the identification which resulted from the one-on-one 'show up' which was impermissibly suggestive." No authority was cited in the motion and there was no request to exclude evidence of the out-of-court identification. Here, Sharpe relies on *Stovall v. Denno*, 388 U. S. 293 (87 SC 1967, 18 LE2d 1199) (1967), and its progeny, contending that the show-up was violative of his due process rights.

The evidence was that the victim, sleeping at her mother's house, answered the door at 10:30 a.m. Sharpe was there, inquiring about an apartment for rent in the complex which was run by the victim's stepfather. She let him in to use the telephone to call her stepfather, which he did. She then directed him toward the apartment and he left. Later, Sharpe returned, again asking to use the phone. The victim, still in her night clothes and robe, let him in. He asked for a drink of water and, as she turned to get it, he grabbed her from behind, put a pocketknife to her throat, and committed the acts alleged. He was in her apartment for 30 minutes or so the second time. Sharpe then forced her to leave the apartment with him and drive him away in her car. They drove around for a while, at which point the victim

pulled into a market and asked Sharpe to get out, which he did.

The victim and her family then contacted police and a lookout was posted for a man wearing blue jeans and a turquoise shirt. About 15 minutes later, an officer spotted Sharpe, who was wearing that attire, and stopped to investigate. Upon patting him down, the officer found a pocketknife. A detective arrived and the two officers asked Sharpe if he would go out to the hospital where the victim was being examined and see if she could identify him. He agreed.

He was placed in the back of the patrol car and driven to the door of the emergency room. When the victim saw him, within a half hour of having left him at the market, she immediately identified him. The procedure used here fully comported with the due process requirements of *Stovall*. *Baines v. State*, 201 Ga. App. 354, 357 (4) (411 SE2d 95) (1991); *McCounly v. State*, 191 Ga. App. 266, 267 (2) (381 SE2d 552) (1989).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 29, 1992.

*McRae & English, W. Boyd English*, for appellant.

*H. Donnie Dixon, Jr., District Attorney, John A. Rumker, Assistant District Attorney*, for appellee.