## A01A2043. HARRISON v. THE STATE.
### (557 SE2d 447)

Eldridge, Judge.

A Dougherty County jury found John William Lee Harrison guilty of armed robbery for his participation in acts that occurred at the Inns & Suites motel on Oglethorpe Avenue in Albany, wherein Harrison drove two teenagers to the motel; urged them to rob it with a .380 caliber automatic pistol; waited for them behind the motel; and drove them away following the taking of approximately $150 from the motel.[1] He appeals and, without challenging the sufficiency of the evidence against him, claims error in the trial court's failure to charge the jury on the lesser included offense of robbery by intimidation. We find no error, however, and affirm.

Harrison contends that because the jury heard evidence that a nontestifying co-defendant was permitted to plead guilty to the lesser included offense of robbery by intimidation in the instant case, such provided "evidence" of same so as to permit a jury charge thereon in the trial of the instant case. We disagree.

A guilty plea to a lesser included offense can very well be the result of negotiation and, on its face, does not prove the factual basis for the plea, which may indeed encompass the greater offense.[2] Thus, the mere existence of a plea to a lesser included offense is not "evidence" as to the underlying facts so as to support a jury charge on the lesser offense, and proof of such factual issues must be established at trial.[3]

---

[1] There were two additional named co-defendants in the instant case who were present in the car with Harrison and the two teenagers referenced above.

[2] See, e.g., *Sample v. State*, 232 Ga. App. 690, 692 (1) (503 SE2d 576) (1998) (plea result of negotiated agreement, while election not to prosecute cocaine trafficking charge based on acceptance of negotiated plea); *In the Interest of J. M. R.*, 218 Ga. App. 490, 491 (1) (462 SE2d 173) (1995) (evidence supported conviction on greater offense, but defendant permitted to plead to lesser included offense "for reasons not revealed by the record").

[3] *Stephens v. State*, 261 Ga. 467, 468 (6) (405 SE2d 483) (1991) (introduction of guilty plea does not relieve a party as to proof of underlying factual issues).

Here, the evidence was uncontradicted that the Inns & Suites motel was robbed at gunpoint; the motel clerk testified that the money was taken at gunpoint; one of the co-defendants who performed the robbery testified that he used a gun to effectuate the robbery; the gun discharged during the co-defendants' flight from the motel to Harrison's car, and a .380 caliber casing was recovered by the police outside the motel; and even Harrison, who took the stand and testified that he had no knowledge that the co-defendants were going to rob the motel, stated that he saw money and a gun in the backseat of his car after the co-defendants returned thereto. "Where the uncontradicted evidence shows completion of the offense of armed robbery, and no evidence is presented to the effect that a weapon was not used in the robbery, the defendant is not entitled to a jury charge on the lesser included offense of robbery by intimidation."[4]

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED DECEMBER 7, 2001.

*Farkas, Ledford & Perry, Thomas G. Ledford,* for appellant.
*Kenneth B. Hodges III, District Attorney, Leisa Green-Meadows, Assistant District Attorney,* for appellee.

