## 70854. HUNTER v. THE STATE.
(339 SE2d 381)

Pope, Judge.

Hunter appeals from his conviction and sentence for aggravated assault on Essie Davis with a knife above the left eye during a brawl on July 12, 1984. A number of people became involved when a fight broke out between two women. Hunter tried to intervene and restrained one of the women, Fanita Munson. Essie Davis approached and got into a disagreement with Hunter, and this escalated into the brawl during which Davis and Hunter's brother were stabbed. At trial Essie Davis and *his* brother testified that Hunter cut him with a knife or something. The third State's witness was not certain who did the stabbing.

1. A prior conviction and sentence of defendant Hunter was admitted, over objection, during the State's case-in-chief. It showed that defendant was convicted of aggravated battery in that he did, on January 8, 1982, "maliciously cause bodily harm to the person of Leonard McCoy by rendering a member of his body, to wit: his left eye, useless, by stabbing and cutting the said Leonard McCoy in the left eye . . . ." Out of the jury's presence, the State had offered the evidence "to show that he is a person who has in the past stabbed people in the eye . . . to show that he has a propensity to use a knife." Defendant objected on the grounds that it was not relevant, that it was more prejudicial than probative, and that it injected defendant's character in evidence.

"Before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the (accused) was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct." (Citations and punctuation omitted.) *Burks v. State*, 174 Ga. App. 304, 305 (329 SE2d 590) (1985). There is no question that the prior conviction met these two prerequisites. First, defendant does not dispute that he was the same person as shown in the conviction. Second, the act of cutting someone around the eye with a knife, just 2-½ years earlier, with release from service of that sentence being just a few months before the event of trial, was not only similar but was in many ways identical. The court gave proper cautionary instructions to the jury. The evidence meets the criteria for the admission of independent crimes. Therefore, we find that the trial court did not err in admitting evidence of the prior

conviction.

2. We find no merit in Hunter's remaining enumerations dealing with the incomplete polling of the jury. The record shows that one juror was inadvertently omitted during the polling of the jury. Later, after the jury was dismissed, the court discovered the error, and sua sponte obtained an affidavit from the omitted juror that the verdict reached and announced was indeed her verdict. In view of the fact that counsel was present during the polling of the jury and failed to notice the omission or to object to it at that time, there is no reversible error. See *Hargett v. State*, 151 Ga. App. 532 (260 SE2d 406) (1979).

*Judgment affirmed. Banke, C. J., Deen, P. J., McMurray, P. J., Birdsong, P. J., Carley, Sognier and Benham, JJ., concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

I agree with my brethren as to Division 2 but conclude differently as to Division 1.

The defense was that Davis was stabbed by the woman Munson (who did not testify); she was in the altercation which led to the melee. Defendant and his witnesses testified that she stabbed Davis at the same time she stabbed defendant's brother in the back. Defendant denied to the police that he had stabbed Davis.[1]

The law is: "The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." OCGA § 24-2-2. This is true even though character evidence is logically relevant. "Character is circumstantial evidence of conduct and state of mind . . . A person is more likely to act in accord with his character than contrary to it." *Waters v. State*, 248 Ga. 355, 366 (283 SE2d 238) (1981). The reason that it is legally irrelevant is that the probative value is outweighed by the danger of prejudice. This general rule has an express additional statutory application in criminal cases when the defendant testifies. If he does, then "no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." OCGA § 24-9-20.[2]

Of course, in this case, the evidence of defendant's prior conviction was not in response to defendant having put his character in issue. It was tendered and admitted during the state's case-in-chief,

---

[1] The prior conviction in issue here had resulted in a sentence on March 18, 1982 of ten years, to serve four with the balance on probation. Defendant later testified that he had been released on April 21, 1984.

[2] The statute provides another exception, but it does not figure here.

when defendant's character was not in issue. No door had been opened to be met with facts related but contrary to the good picture a defendant would be trying to paint of himself. Thus the question is whether the nature of this criminal prosecution for aggravated assault involved defendant's character and made necessary or proper evidence of the earlier conduct. OCGA § 24-2-2. The court admitted it, cautioning the jury that the law allows evidence of similar offenses "where knowledge, motive, intent, good or bad faith, or identity or any other matter dependent upon a person's state of mind are involved in material elements in the offense for which he is on trial. The court will instruct you that [the conviction and sentence] will be admitted for that purpose only, so far as it bares(sic) upon his state of mind or motive. And it's not direct evidence of the fact that he did or did not commit this particular offense."

The court was correct that the evidence is legally relevant, that is, admissible even though it incidentally puts defendant's character in issue, if it is " 'substantially relevant for some other purpose than to show a probability that (the defendant) committed the crime on trial because he is a man of criminal character.' " *Walraven v. State*, 250 Ga. 401, 407 (297 SE2d 278) (1982), quoting McCormick on Evidence. Not every independent crime is admissible, however. It must meet two conditions, as the majority states. *Walraven*, supra at 408. I agree that the prior conviction meets these two prerequisites.

The problem is that the evidence did not meet the overriding and more elementary prerequisites; it was not introduced to serve a valid purpose. "Purposes for which evidence of previous criminal acts might be offered, other than to show criminal character, include: Motive; intent; absence of mistake or accident; plan or scheme, of which the crime on trial is a part; and identity." *Walraven*, supra at 408. Bent of mind and course of conduct are other legitimate purposes, when in issue. *Kilgore v. State*, 251 Ga. 291, 297 (305 SE2d 82) (1983). The purpose here was to show propensity; the implied theory was that since defendant did it before, he did it this time too. Propensity means inclination or bent or tendency. Webster's New Intl. Dictionary, 2nd ed. Thus, evidence of the nature of defendant's character was aimed at.

It might be argued that this tends to show identity, that among all the people involved in the fracas, it was defendant who knifed Davis because he had done a similar thing before. But *any* prior conviction could be said to tend to identify defendant as the one who committed the crime for which he is on trial, because he has exhibited criminal behavior before, especially where the earlier conduct is similar. However, it is not in this sense that the evidence is admissible when there is an issue of identity. The necessity of proving identity was the purpose for which evidence of prior criminal conduct was per-

mitted in *Kilgore v. State*, supra at 296. The court reasoned: "Since Kilgore was intertwined with Carden in the death of Norman, evidence that Kilgore killed Carden because 'he knew too much' helps identify Kilgore as the perpetrator of the murder of Norman." Id. at 298. See also *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980), where the main issue was identity. The police officer had recognized defendant as the same person who had sold drugs to him on two other occasions. Thus the established identification of defendant in those incidents was connected to the credibility of the officer's recognition of defendant on the occasion in question. Here, evidence was admitted that Hunter assaulted one McCoy with a knife over two years earlier and served time for it.

Two of the state's witnesses had positively identified defendant as the perpetrator. His presence and participation in the event were not at issue. The dispute at trial was over *who* did the stabbing, defendant or Ms. Munson or maybe even some third party. No connection was shown between either of the two witnesses and the prior incident so as to make their testimony more credible with respect to identification of defendant as the knife-wielder. And the prior crime was not connected to this one; they were two entirely separate and unrelated events. The state was apparently satisfied with the testimony of the two witnesses, the victim and his brother, because it did not seek to add anything more in this regard. Even if it could be argued that the prior conviction was necessary or proper to establish identity, that is not what it was offered for and that is not what the jury was limited to in considering it. Instead, as argued in effect by the state out of the jury's hearing, it was offered to show defendant's character or at least violent aspects of it. The jury instruction did not confine the jury's consideration of it to a permissible and specific purpose which was in issue. Nor would the evidence be relevant to show what the state of mind of defendant was at the time of this offense or a motive for committing it. See *Walraven*, supra at 408. The court erred in allowing it and in giving a catch-all directive, as the legal relevancy of the unconnected crime had not been established nor its admission justified.

DECIDED DECEMBER 5, 1985 —
REHEARING DENIED DECEMBER 19, 1985 —

*John W. Sheffield III*, for appellant.
*John R. Parks, District Attorney, R. Rucker Smith, Assistant District Attorney*, for appellee.