## A92A2376. PAYNE v. THE STATE.
(428 SE2d 103)

BLACKBURN, Judge.

The appellant, George Donald Payne, was convicted of incest and two counts of rape, with each offense involving his mentally retarded twenty-two-year-old daughter. He was sentenced to two life sentences for the rape convictions, and to twenty years in prison for the incest conviction, all to be served consecutively, and this appeal followed.

At the trial, the appellant's daughter testified that her mother usually took her sister to the doctor on Wednesdays, and that she was left alone with the appellant. On those occasions, the appellant would take her upstairs to her bedroom, tell her to lie down on the bed, and then make her have sex with him. She described his erection, ejaculation, and use of a condom. On another occasion, they had also had sexual intercourse in the woods. After each incident, the appellant told her not to tell anyone about what they had done, and she had felt threatened by that instruction. When asked how many times her father had made her have sex with him, she initially indicated once, but later stated that it occurred every Wednesday. She denied having sexual experiences with anyone else.

An emergency room physician examined the appellant's daughter on August 19, 1991, and observed inflammation of the vaginal wall that was suggestive of sexual abuse over an extended period of time. The daughter's hymen was absent. A clinical psychologist evaluated the daughter on September 17, 1991, and found her to have a full scale IQ of 59, which fell within the middle range of mild mental retardation. The psychologist estimated that the daughter had the mental development of an 11- or 12-year-old child, and was of the opinion that she was incapable of relating in an adult-like manner or consenting to sexual activity.

After interviews with several members of the appellant's family, including his wife, daughter, and son, an investigator with the Dade County Sheriff's Department obtained an arrest warrant for the appellant around August 16, 1991. When the appellant was finally apprehended a few weeks later, he gave custodial statements in which he stated that things would not have happened to his daughter if he had not been drinking so heavily at the time, and indicated that it had only happened two or three times. He admitted that he needed help for his "drinking and sex problem."

The appellant's wife testified against him and told how she had suspected that he had been abusing their daughter for several years. In fact, about 12 years earlier, she had instigated his arrest for such sexual abuse, but the charges were dropped when the daughter would not talk about the matter. She also stated that she and the appellant had remained sexually active up until the time she reported his sexual

abuse of their daughter to the police in August 1991. The only problem she had noticed regarding the appellant's sexual activity had been his insatiable appetite. She stated that he had never gone to any doctor regarding a problem with sexual dysfunction.

The state presented evidence of similar transactions in which the appellant had sexually abused two of his nieces. One incident involved his fondling and kissing a 13-year-old niece in July 1991. Two other incidents involved his fondling of a seven- or eight-year-old niece in 1978 or 1979, and his subsequent rape of that same niece when she was 13 years old.

The appellant testified and denied any sexual contact between him and his daughter, and with any of his nieces. He stated that he could not have engaged in the alleged sexual experiences with his daughter because he has been impotent since a back operation in 1984. He also claimed to have been examined by a physician for that problem, but he could not remember the name and location of that doctor. The appellant acknowledged initialling the custodial statements made after his arrest, but stated that he had not actually read what was written down by the interrogating officer. He suggested that so many members of his family had accused him of sexual offenses because they wanted to get rid of him.

1. The appellant contends that the trial court erred in denying his motion for a continuance, which was based upon counsel for the appellant not having sufficient time to prepare for trial. The appellant's attorney indicated that he had been appointed as counsel for the appellant on October 22, 1991, and had first met with him three days later. He was able to interview several of the state's witnesses, including the daughter, and at first it was anticipated that the appellant would enter a guilty plea on November 1, 1991. On that date, however, the appellant changed his mind, resulting in the matter going to trial on November 13, 1991.

The appellant's attorney asserted that because of his heavy trial load in other cases, he had not had time to locate a physician who supposedly examined the appellant for his complaint of impotency. The attorney acknowledged that the appellant could not remember the name and location of the doctor in question, but suggested that the orthopedic surgeon in Tennessee who performed the appellant's back surgery might be able to provide that information.

The state points out that during a calendar call on November 4, 1991, the appellant had announced ready. The motion for continuance was not made until the case was actually called for trial nine days later on November 13, 1991. When the motion for continuance was made, the state objected to delaying the trial because of the inconvenience it would present to the many witnesses who were present. The assistant district attorney invited the appellant's attor-

ney to interview the witnesses, and was willing to assist him in trying to locate the doctor. The trial court agreed to take a recess during the trial, if needed, during which the appellant's attorney could telephone the orthopedist and inquire about the identity and location of the other doctor, but denied the motion for continuance.

A motion for continuance predicated upon a claim of insufficient time to prepare for trial is addressed to the sound discretion of the trial court, and will not be interfered with unless it is clearly shown that the court abused its discretion. OCGA § 17-8-22, generally; *Cantrell v. State*, 154 Ga. App. 725 (270 SE2d 12) (1980). In this case, counsel for the appellant acknowledged that he had interviewed several of the state's witnesses prior to the trial, and the motion for continuance was not based upon lack of preparation in that regard. Rather, the motion concerned the need for more time to locate a doctor who possibly had treated the appellant for impotency.

In *Corbin v. State*, 212 Ga. 231 (1) (91 SE2d 764) (1956), as grounds for continuance, it was asserted that counsel for the defendant had been employed only two weeks, had been handling other cases, and had been unable to find some of the defendant's witnesses. The Supreme Court held that it "will not hold that the trial judge abused his discretion in refusing a continuance where counsel had been employed for two weeks and was unprepared because he had been handling other cases. [Cit.] In all applications for continuances upon the ground of the absence of a witness, it must be shown to the court that a named witness is absent; that he has been subpoenaed; that his testimony is material; that such witness is not absent by the permission, directly or indirectly, of such applicant; that he expects to be able to procure the testimony of such witness at the next term of the court; and that such application is not made for the purpose of delay, but to enable the party to procure the testimony of such absent witness; and the facts which the applicant expects to prove by the absent witness must be stated." Id.

In the instant case, the appellant's attorney was unable to show the actual existence, much less the identity, of the doctor sought as a witness. Further, the attorney was unable to show whether the doctor was within the jurisdiction of the court. The trial court tried to accommodate the appellant by offering to take a recess at some point in the proceeding, so that the attorney could contact the orthopedist for any information regarding the other doctor, and the state even offered to provide what assistance it could in locating the possible witness. Under these circumstances, the trial court did not abuse its discretion in denying the motion for continuance.

2. The appellant next contends that the trial court erred in admitting the evidence of similar transactions, on the grounds that the other incidents were not similar to the alleged offenses perpetrated

against his daughter, and that the prejudicial impact of the evidence outweighed whatever relevance it had. We disagree.

In order for evidence of similar transactions to be admissible, it must be shown that the defendant was the perpetrator of the other transactions, and "there must be some evidence to establish between the independent crime and the crime on trial such similarity to and logical connection with each other so that proof of the independent crime tends to establish, by evidence of identity, bent of mind, or intent, the commission of the crime . . . on trial." *Stephens v. State*, 261 Ga. 467, 469 (405 SE2d 483) (1991). This exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses, *Stine v. State*, 199 Ga. App. 898 (2) (406 SE2d 292) (1991), but even where sexual offenses are involved, the evidence should not be admitted unless the prejudice it creates is outweighed by its relevancy. *Hicks v. State*, 232 Ga. 393, 397 (207 SE2d 30) (1974); *Bloodworth v. State*, 173 Ga. App. 688 (1) (327 SE2d 756) (1985).

One of the similar transactions occurred around July 31, 1991, and involved the appellant's 13-year-old niece, when she was at home alone. The niece testified that the appellant rubbed her chest and leg, tried to run his hand up her short pants, and tried to kiss her on the mouth. She told him to stop, and before he left he told her not to tell anyone about the incident.

The other two incidents involved another niece. This niece testified that around 1972, when she was seven or eight, she took a trip with the appellant and his son in the appellant's tractor trailer. One night, the appellant invited her to lie down with him on the trailer. She refused, and instead got into the sleeper compartment where the appellant's son already was asleep. The appellant then got into the truck and tried to touch her in her private areas. At that time, he had told her not to tell anyone, or else he would no longer allow her to smoke and cuss. Years later, when she was 13 years old, the niece baby-sat for the appellant and his wife, and slept in their home. One night, she was awakened by the appellant having sexual intercourse with her. Afterwards, he told her that if she told anyone about it, he would tell her mother that she was no longer a virgin.

This evidence demonstrated that the appellant was in fact the perpetrator of the other sexual offenses, and the circumstances surrounding (and the nature of) the offenses were sufficiently similar so as to render the evidence admissible under the above exception. During the hearing to determine the admissibility of the similar transactions evidence, the trial court did not specifically state that it had weighed the prejudicial impact of this evidence against its relevancy to the issues currently on trial, as should have been done, but it is clear in this case that the relevancy of this extraneous evidence out-

weighed that prejudice. Such evidence is particularly relevant and needed, where the victim of such sexual abuse is mentally retarded.

The lapse of time between the prior occurrences involving one of the nieces and the offenses currently charged goes to the weight and credibility of the evidence, and not its admissibility. *Cooper v. State*, 173 Ga. App. 254 (1) (325 SE2d 877) (1985) (admission of evidence of similar sexual offenses was upheld despite a lapse of 19 years). See also *Gilstrap v. State*, 261 Ga. 798 (1) (410 SE2d 423) (1991).

3. In its instructions to the jury, the trial court stated: "I charge you that the testimony of the victim is sufficient, if believed, to be legally adequate to sustain the conviction of rape." The appellant now complains that this charge constituted an impermissible comment on the evidence prohibited by OCGA § 17-8-57. The record shows that following its jury charge, the trial court inquired as to any objections, and counsel for the appellant merely reserved the right to raise objections later.

"While such a reservation is sufficient to attack charges given or refused, it is not adequate to maintain an objection under OCGA § 17-8-57." *Butts v. State*, 198 Ga. App. 368, 369 (401 SE2d 763) (1991). " 'The question of whether [OCGA § 17-8-57] has been violated is not reached unless an objection or motion for mistrial is made.' Therefore, this enumeration of error is without merit." *Driggers v. State*, 244 Ga. 160, 162 (2) (259 SE2d 133) (1979).

4. The appellant also contends that the evidence was insufficient to support his two convictions for rape, because the state failed to prove the essential element of lack of consent. However, in so contending, the appellant overlooks the expert testimony of the clinical psychologist that the appellant's daughter had a full scale IQ of 59, which fell within the middle range of mild mental retardation, equipped her with the mental development of an 11- or 12-year-old child, and rendered her incapable of relating in an adult-like manner or consenting to sexual activity. This evidence sufficiently demonstrated the element of lack of consent on the part of the victim in this case. "Sexual intercourse with an imbecile female, who is incapable of giving an intelligent assent or dissent or of exercising judgment in the matter, constitutes rape." *Whitaker v. State*, 199 Ga. 344, 350 (34 SE2d 499) (1945).

Viewing the evidence in the light most favorable to uphold the jury's verdict, we find that the evidence authorized a rational trier of fact to find the appellant guilty beyond a reasonable doubt of incest and rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. The indictment contained two separate but identical counts charging the appellant with raping his daughter on or about July 25, 1991. The state acknowledges that the date alleged was not a material

averment. Under these circumstances, the appellant correctly points out that he could be sentenced on only one of the rape convictions. *Miller v. State*, 141 Ga. App. 382 (1) (233 SE2d 460) (1977). In the instant case, "[s]ince the sentences imposed were consecutive, it is necessary that the judgments be reversed and that only one sentence be imposed. Compare *LaPan v. State*, 167 Ga. App. 250, 254 (305 SE2d 858) (1983)." *Roberts v. State*, 174 Ga. App. 471 (330 SE2d 597) (1985).

*Judgment affirmed in part, and reversed and remanded in part for proceedings as to sentencing. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 9, 1993.

*John R. Emmett*, for appellant.
*Ralph L. Van Pelt, Jr.*, District Attorney, *Mary Jane Palumbo*, Assistant District Attorney, for appellee.