## A92A2310. RANDALL v. THE STATE.

(428 SE2d 616)

Blackburn, Judge.

The appellant, Darryl Dwayne Randall, was convicted of child molestation and aggravated child molestation, for which he was sentenced to 15 years imprisonment on each count. On appeal, he contends that evidence of a similar transaction was improperly admitted, and that his trial counsel provided ineffective assistance. We affirm.

1. For approximately seven years prior to his arrest, the appellant lived with his girl friend and her eleven-year-old daughter. When the daughter was around five years old, she had told her grandmother that the appellant had "messed" with her, but the family had not believed her. In May 1990, the daughter again complained about sexual abuse by the appellant, but an investigation by the Glynn County Police Department was dropped when the daughter refused to talk about the matter further. At trial, two family friends and the sister of the appellant's girl friend testified that on June 3, 1991, the daughter recounted to them multiple episodes of sexual abuse by the appellant, including acts of sexual intercourse and sodomy.

Their conversations with the daughter on that day had been precipitated by their suspicion that the appellant had molested the three-year-old daughter of one of the two family friends when the child had spent the weekend at the appellant's mobile home. During a pretrial hearing, the state explained that it actually did not seek admission of evidence of a similar transaction; rather, it wanted to adduce the testimony to explain why these individuals had approached the victim in the first place, and because the evidence was relevant to show a possible motivating factor behind the victim's decision to reveal the sexual abuse. The trial court allowed the testimony, but instructed that any reference to the possible molestation of the three-year-old child must not implicate the appellant.

Pursuant to that limitation imposed by the trial court, the two family friends and the aunt of the victim testified that the three-year-old child had spent the weekend at the appellant's residence; that the child had blood spots on her panties when her mother picked her up;

that the mother took the child to the hospital; that they approached the victim to ask her if she knew what happened to the three-year-old child; and that they then asked the victim if the appellant had "messed" with her. An investigator with the Glynn County Police Department also testified that she had occasion to investigate the possible sexual abuse of the victim as a consequence of another investigation concerning the three-year-old child. None of the witnesses actually stated that the three-year-old child had been molested, and none indicated that the appellant was suspected of molesting that other child.

Evidence of independent offenses committed by a defendant generally is inadmissible, as it impermissibly places the defendant's character in issue. However, such evidence may be admitted for the limited purpose of showing bent of mind, identity, intent, motive, scheme, or course of conduct, if the defendant is identified as the perpetrator of the independent offense, and there is sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). It should also be emphasized that before such evidence is admissible, it must be shown that the evidence's relevancy to the issues at trial outweighs the inherent prejudice it creates. *Robinson v. State*, 192 Ga. App. 32 (383 SE2d 593) (1989).

In the instant case, the testimony of the state's witnesses regarding this matter that caused them to approach the victim was heard during the pretrial hearing, so that the parameters of the allowable testimony could be determined. During the hearing, although the trial court, assistant district attorney, and defense counsel referred to the evidence in question as a similar transaction, the state emphasized that it sought admission of the testimony only for the purpose of explaining why the witnesses approached the victim and showing the circumstances surrounding the victim's revelation of the sexual abuse. See *Taylor v. State*, 176 Ga. App. 567, 573 (4) (336 SE2d 832) (1985). The state followed the limitation set by the trial court, and the trial testimony actually neither alleged that the three-year-old child had been molested nor indicated that the appellant was a suspect in another transaction. In short, the testimony did not establish a similar transaction. See *Hawkins v. State*, 202 Ga. App. 163 (413 SE2d 525) (1991).

The appellant also complains that evidence of independent offenses was impermissibly brought out during defense counsel's cross-examination of a prosecution witness. This witness testified about an incident when he interrupted an episode of sexual activity between the appellant and the victim at the appellant's mobile home. Upon cross-examination by defense counsel about whether he had reported the incident to anyone else, the witness stated that he had recounted

it to another individual, who had told him that the appellant "had been in trouble before about that. . . ." At that point, the assistant district attorney and the trial court, and not the defense counsel, instructed the witness not to broach that subject. This "testimony came in response to a question put to him by defense counsel, who voiced no objection to the response of the witness. The enumerated error suffers two characteristics fatal to appellate review: error, if any, was induced by appellant; and appellant waived any error by failing to object. [Cit.]" *Montes v. State*, 262 Ga. 473, 475 (2) (421 SE2d 710) (1992).

The defense presented several witnesses who testified as to the appellant's good reputation and veracity. Upon cross-examination, the state asked some of these character witnesses whether they were aware of allegations that the appellant had molested another child, and referred to their responses during closing argument. The appellant now contends that this questioning and closing argument also impermissibly placed his character in issue by referring to the other transaction. However, the appellant failed to raise any objection to this line of questioning or closing argument, and objections not raised at trial are deemed waived. *Cole v. State*, 200 Ga. App. 318, 321 (5) (408 SE2d 438) (1991); *Fancher v. State*, 190 Ga. App. 438, 439 (1) (378 SE2d 923) (1989).

2. In a related enumeration of error, the appellant relies upon *Moore v. State*, 202 Ga. App. 476, 480 (3) (414 SE2d 705) (1992), in contending that the trial court erred in failing to instruct the jury on the limited purpose for which the testimony regarding the three-year-old child was admitted, notwithstanding the absence of a proper request for such a charge. Generally, when evidence is admitted for one purpose, it is not error for the trial court to fail to instruct the jury to limit its consideration of the evidence to that one purpose, in the absence of a written request for such a jury instruction. *Harrell v. State*, 241 Ga. 181, 186 (2) (243 SE2d 890) (1978). In *Moore v. State*, supra, this court declined to apply that general rule where the state did not give notice of its intent to introduce evidence of similar transactions until the morning of the trial, thus depriving the defendant of any opportunity to prepare a proper request for a jury instruction regarding such; where evidence of the defendant's convictions for similar offenses actually was admitted; and where the trial court's jury charge had the effect of instructing the jury to consider the evidence for an impermissible purpose. However, none of those exceptional factors is present in the instant case, and the trial court's failure to instruct the jury to limit its consideration of the testimony regarding the three-year-old child, in the absence of a request for such, was not error.

3. The appellant contends that at trial he was denied effective assistance of counsel because of his trial counsel's lack of preparation,

and his inadequate cross-examination of the physician who testified about the findings of his physical examination of the victim after she reported the sexual abuse by the appellant. In order to prevail on his claim of ineffective assistance of counsel, the appellant must show that his trial counsel's performance was deficient, and that his defense was prejudiced by the deficient performance so that he was deprived of a fair trial. *Williams v. State*, 202 Ga. App. 494, 495 (1) (414 SE2d 716) (1992).

With regard to the extent of the trial counsel's preparation, the appellant points out that his trial counsel had only approximately two weeks to investigate the matter, locate witnesses, and prepare for trial. However, mere shortness of time for preparation of counsel is insufficient to show ineffectiveness. *Brown v. State*, 180 Ga. App. 361 (1) (349 SE2d 250) (1986). In the instant case, the trial counsel recalled meeting with the appellant prior to the trial for two to four hours, and he interviewed a list of the witnesses named by the appellant. It was unnecessary for the counsel to employ an investigator, because the appellant's girl friend assisted him in locating the witnesses and arranging the interviews. The trial counsel also interviewed the physician who testified at the trial and reviewed his medical records regarding his examination of the victim. He successfully moved for a continuance of the date for hearing motions, and represented the appellant during three motions hearings, including a *Jackson-Denno* hearing. He researched legal issues involved in the case, particularly the Child Hearsay Statute. He engaged in plea bargain negotiations whereby the state offered to agree to a sentence of seven years probation, which was rejected by the appellant. At trial, he conducted voir dire, made various objections to the testimony of and cross-examined the state witnesses, and presented several witnesses on behalf of the defendant. He moved for a directed verdict, and made a closing argument. Although he filed no written requests for jury charges, he did participate in the jury charge conference and verbally requested certain charges.

At trial, a physician testified that he examined the victim on June 3, 1991. Externally, the child appeared normal, with no signs of trauma. There was some opening of the hymenal ring, which could be normal for an 11-year-old child. However, the physician noted that some degree of penetration could occur without totally perforating the hymen, and his physical findings were consistent with sexual abuse. He also recounted that the child gave a history of multiple episodes of sexual abuse. During the hearing on the motion for new trial, the appellant's new counsel contended that the trial counsel was deficient in his cross-examination of the physician, because he failed to ask whether the limited physical findings were consistent with the extensive sexual abuse reported by the child during the examination.

At the hearing, the trial counsel agreed that such a question would have been pertinent, and he thought that he had made that inquiry. The transcript reveals that he did not actually raise that question, but he did engage in a thorough cross-examination of the physician regarding the extent of his physical findings. "It is rank speculation to suggest that it is reasonably probable that a *more* thorough and sifting cross-examination of the [physician] would have resulted in appellant's acquittal." *Garrett v. State*, 196 Ga. App. 872, 873 (397 SE2d 205) (1990). Further, the trial counsel explained that the physician was not a very cooperative witness, and he had completed his cross-examination after obtaining as much favorable testimony as he thought he could. Such a trial judgment or tactic does not equate with ineffective assistance of counsel. *Williams v. State*, supra; *Weldon v. State*, 202 Ga. App. 150 (413 SE2d 466) (1991).

In summary, the trial counsel's performance in the instant case was within the range of " 'reasonably effective assistance.' " *Weldon v. State*, supra. The trial court's finding that the appellant was afforded effective assistance of counsel thus was not clearly erroneous, and must be upheld. *Williams v. State*, supra at 495.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1993 —
RECONSIDERATION DENIED MARCH 8, 1993.

*Ernest B. Gilbert, Susan E. Perry*, for appellant.
*Glenn Thomas, Jr., District Attorney, Kevin R. Gough, Assistant District Attorney*, for appellee.

