A93A0712. EVANS v. THE STATE.
(434 SE2d 148)

SMITH, Judge.

Jamal Grady Evans was tried before a jury and found guilty of selling crack cocaine, in violation of OCGA § 16-13-30 (b). He appeals from the judgment of conviction and life sentence entered by the trial court on the jury's verdict of guilt.

1. Three policemen were called by the State. One of these three testified on cross-examination that he was on active duty. Appellant attempted to impeach this witness by asking him whether he was not actually on administrative leave pending an investigation of some un-

specified misconduct. The trial court disallowed this questioning on the ground that any discrepancy was not material.

Assuming, without deciding, that it was error for the trial court to prohibit Evans from attempting to impeach this witness as to the complete truthfulness of his previous testimony under oath, such error was plainly harmless. It was not this witness but the other two who identified Evans as the seller. It is highly probable that the lack of this desired cross-examination did not contribute to the verdict. See *Minter v. State*, 258 Ga. 629, 630 (2) (373 SE2d 359) (1988). See also *Brown v. State*, 260 Ga. 153, 156 (4) (391 SE2d 108) (1990).

2. After the hearing mandated by Uniform Superior Court Rule 31.3, the trial court permitted the State to introduce into evidence two instances of "similar transactions." These evidentiary rulings are enumerated as error.

In *Williams v. State*, 261 Ga. 640, 641-643 (409 SE2d 649) (1991), the Supreme Court outlined a three-pronged inquiry which must be satisfied before evidence of similar transactions may be admitted as an exception to the general rule excluding as irrelevant evidence that the accused has committed separate offenses. On appeal, Evans urges that his guilty pleas to a prior cocaine sale and a possession charge arising out of a prior attempt to sell cocaine were not sufficiently similar to warrant admission.

The true test of admissibility is not the number of similarities between the prior act and the act for which the accused is on trial, but whether the evidence of prior incidents is substantially relevant for some purpose other than to show that the accused was likely to commit the crime because he is a person of bad character. *Bohannon v. State*, 208 Ga. App. 576 (2b) (431 SE2d 149) (1993). The prior guilty plea to the charge of selling cocaine was substantially relevant to corroborate the identification of Evans as the seller here. Testimony by an eyewitness of his previous attempt to sell, which he broke off upon spotting a uniformed policeman, was substantially relevant to establish his guilty knowledge. The determination that such evidence is more probative than prejudicial is implicit in the trial court's determination that the similar transactions are substantially relevant for an appropriate purpose. The trial court did not abuse its discretion in determining that these prior similar acts were sufficiently similar and substantially relevant for some appropriate purpose.

*Judgment affirmed. Pope, C. J., McMurray, P. J., Birdsong, P. J., and Andrews, J., concur. Beasley, P. J., Cooper and Blackburn, JJ., dissent. Johnson, J., not participating.*

BEASLEY, Presiding Judge, dissenting.

Defendant was charged with and convicted of unlawfully selling cocaine to M. Willis on April 19, 1991, in violation of OCGA § 16-13-

30 (b). This is a criminal act which requires no specific intent, as distinguished from another crime prohibited by that same Code section, possession with intent to distribute a controlled substance.

The State offered as evidence of earlier transactions one incident of an interrupted apparent drug sale for which defendant pleaded guilty to possession and one incident of a cocaine sale. This was during its case-in-chief, and the stated purpose was to establish motive, bent of mind, intent to engage in the sale of cocaine, and course of conduct on the part of Evans. The court so understood the purpose of this evidence and admitted it over objection.

Evans did not testify. The defense was not that a drug sale did not occur, or that the substance sold was not cocaine, or that defendant did not intend to sell cocaine in the transaction, but rather that the State did not prove beyond a reasonable doubt that *he* was the person who engaged in the sale. He was arrested not on the spot but several months later, based on the buying police officer's selection of his mug shot from a stack of photos a couple of inches thick at the police station about thirty to forty minutes after the transaction; it was about six photos down in the stack. There was no evidence that the officer ever saw Evans on any other occasion other than in court on this charge.

The court instructed the jury that it was to consider this evidence of other transactions "solely and only" to illustrate defendant's state of mind, if the jurors thought this evidence did illustrate such. The court charged that the law allows such evidence "where motive, intent, bent of mind and course of conduct or other matters dependent upon a person's state of mind are involved as material elements in the offenses (sic) for which he's on trial." It later added "identity," although that was *not* a purpose for which it was offered or admitted.

Intent and state of mind were not in issue. The State simply had to prove that someone sold the substance cocaine and that someone was defendant. Defendant did not contest that such a sale had occurred but only that he was that someone; his defense was that the State had not borne its burden of proving his identity as the perpetrator.

Did the purpose for which the evidence was offered justify the exception to the general rule of admissibility articulated in OCGA § 24-2-2? It did not, because it was not necessary to prove the elements of the crime. The State failed to affirmatively show that the evidence was offered "not to raise an improper inference as to the accused's character, but for some appropriate purpose." *Williams v. State*, 261 Ga. 640, 642 (2b) (409 SE2d 649) (1991). See *Hunter v. State*, 177 Ga. App. 326, 327 (339 SE2d 381) (1985) (Beasley, J., dissenting).

Even if the stated purpose could be stretched into a necessary

one, the prejudicial effect far outweighed the probative value. The pivotal issue, after all, was identity, not motive, intent, bent of mind, or course of conduct.

I am authorized to state that Judge Cooper joins in this dissent.

BLACKBURN, Judge, dissenting.

I believe that the evidence of similar transactions was improperly admitted into evidence in this case, and for that reason I respectfully dissent.

The evidence at trial showed that on April 19, 1991, an undercover police officer, accompanied by an unnamed informant, went to an apartment complex on Washington Circle in East Point, where they approached the defendant and purchased $20 worth of crack cocaine. After the purchase, the undercover officer viewed mug shots at the police station and identified the defendant as the seller. (At trial, this officer also positively identified the defendant as the seller.) The defendant was not arrested until June 1991, after completion of the undercover operation.

The two "similar transactions" admitted by the trial court consisted of a conviction for possession of cocaine (and not an attempted sale, as characterized by the majority opinion) stemming from an incident in December 1986, and a conviction for selling cocaine arising from another incident in June 1987. The evidence pertaining to the December 1986 incident showed that a police officer observed the defendant standing next to a parked car talking with two women. When the defendant noticed the patrol car, he squatted down beside the parked vehicle and then walked away. The patrolling officer then approached the parked vehicle and found a bag of cocaine on the sidewalk where the defendant had squatted. The other incident also occurred on Washington Circle in East Point, and involved undercover police officers who approached the defendant and purchased a $20 bag of cocaine from him.

In *Stephens v. State*, 261 Ga. 467, 469 (405 SE2d 483) (1991), the Supreme Court reiterated that "[i]t is universally recognized . . . that '(t)he general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, *even though it be a crime of the same sort*, is irrelevant and inadmissible.' (Cits.)" Where a defendant has not placed his character in issue, proof of prior offenses or convictions is not admissible unless offered for some proper purpose, and not to show that the defendant is a person of bad character. *Jones v. State*, 257 Ga. 753, 757 (363 SE2d 529) (1988).

One exception to the general rule is that such evidence may be admitted for the limited purposes of showing bent of mind, identity,

intent, motive, scheme, or course of conduct, if the defendant is identified as the perpetrator of the independent offenses and there is sufficient similarity between the independent offenses and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). However, "[i]t has long been the rule in Georgia that evidence of an independent crime is never admissible unless the prejudice it creates is outweighed by its relevancy to the issues on trial. [Cits.]" *Robinson v. State*, 246 Ga. 469, 470 (271 SE2d 786) (1980). See also *Randall v. State*, 207 Ga. App. 637, 638 (428 SE2d 616) (1993). "To insure that the evidence of similar transaction is not being introduced solely to raise an improper inference as to the accused's character, we have repeatedly tested the similar transaction evidence for legal relevance; that is, to show that the legitimate purpose for which it is being introduced, such as intent, 'identity, motive, plan, scheme, bent of mind (or) course of conduct, *outweighs* its prejudicial impact.' [Cit.]" *Adams v. State*, 208 Ga. App. 29, 34 (430 SE2d 35) (1993).

In *Jones v. State*, supra, which provides a succinct historical perspective of the use and admissibility of character evidence in criminal proceedings, the Supreme Court demonstrated a concern that in recent years a criminal defendant's character had been more easily injected into evidence. *Jones* recognized the exception of admitting evidence of similar crimes if offered for a valid purpose, but it appears that subsequent to *Jones* such evidence continued to be routinely admitted, without any in-depth evaluation, as showing one of the limited purposes delineated above. In *Stephens v. State*, supra, and *Williams v. State*, supra, however, the Supreme Court formalized the procedures and evidentiary standards which must be followed by the state and the trial court in order to admit evidence of similar transactions.

Specifically, the Supreme Court emphasized that before any evidence of independent offenses may be admitted, "*the state must make three affirmative showings* as to each independent offense or act it seeks to introduce. The first of these affirmative showings is that the state seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility.

"The second affirmative showing is that there is sufficient evidence to establish that the accused committed the independent offense or act. The third is that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. [Cit.] After the 31.3 (B) hearing, and before any evidence concerning a particular independent offense or act may be introduced, *the trial court must*

*make a determination that each of these three showings has been satisfactorily made by the state* as to that particular independent offense or act.". (Emphasis supplied.) *Williams v. State,* supra at 642.

Uniform Superior Court Rule 31.3 (B) and the above case law, particularly *Williams v. State,* supra, indicate that our courts should limit the scope of application of similar transaction evidence to the type of cases for which the exception was originally intended, i.e., where the state actually has some need for the evidence to prove bent of mind, identity, intent, motive, scheme, or course of conduct. Further, it should be emphasized that the procedures laid down in Rule 31.3 (B) and *Williams v. State,* supra, which were designed to protect against the improper admission of character evidence, are requirements and not mere recommendations. Neither the state, the trial court, nor this court may ignore or only partially follow that mandate of the Supreme Court.

In the instant case, following a hearing on the similar transactions evidence, the trial court employed a three-prong evaluation as set forth in *Williams v. State,* supra, and concluded that the evidence was admissible. The trial court's analysis and application of the three-prong test, as far as it went, was not clearly erroneous. However, the trial court failed to address the additional requirement that the relevance of the evidence must outweigh the inherent prejudice it creates.

In presenting its argument for admitting the evidence, the state made no attempt to balance the relevancy with the prejudice. From my review of the record, I am unable to discern how the relevance of the evidence of the independent offenses outweighed the certain placement of the defendant's character in issue. The state's case-in-chief against the defendant was solid and uncomplicated. In some types of cases, such as those involving sexual offenses against children or other victims of diminished capacity, the state may have a great need for the similar transactions evidence to prove the current charges. See, e.g., *Payne v. State,* 207 Ga. App. 312 (2) (428 SE2d 103) (1993); *Adams v. State,* supra. However, the instant case presents no such need.

The majority opinion suggests that the required determination regarding the legal relevance of the similar transaction evidence is implicit in the trial court's finding that the evidence was "substantially relevant for an appropriate purpose," but that suggestion, if accepted, would eliminate the relevancy determination altogether. An explicit, and not an implicit, balancing of the relevance versus the prejudice is required. I also cannot accept the majority opinion's attempt to demonstrate the relevance of the defendant's prior convictions by pointing out that the conviction for selling cocaine was relevant to corroborate the identification of the defendant as the seller in the instant prosecution, and that the testimony regarding the other convic-

tion for possession of cocaine was relevant to establish his guilty knowledge. In view of the testimony of the undercover officer positively identifying the defendant as the individual who sold the cocaine, there was no need to use the prior conviction for selling cocaine to establish the defendant as the seller in the instant case. Further, the testimony about the circumstances leading up to the defendant's prior possession conviction may have established his guilty knowledge with regard to that prior offense, but it really had no pertinence to the current charge.

Considering the relative simplicity of the state's case-in-chief and the absence of any articulable need for the evidence of similar transactions, it appears that the state's sole purpose for proffering this evidence was to achieve the impermissible implications regarding the defendant's character. "The problem is that the evidence did not meet the overriding and more elementary prerequisites; it was not introduced to serve a valid purpose." *Hunter v. State*, 177 Ga. App. 326, 328 (339 SE2d 381) (1985) (Beasley, J., dissenting). As such, the evidence was improperly admitted, and that erroneous admission of the evidence cannot be viewed harmless under the circumstances of this case. *Stephens v. State*, supra. Accordingly, I would reverse the defendant's conviction.

DECIDED JULY 16, 1993 — 

*Hendrick, Spanos & Phillips, Stephen M. Phillips*, for appellant.
*Lewis R. Slaton, District Attorney, Vivian D. Hoard, Charles W. Smegal, Assistant District Attorneys*, for appellee.