## A95A2642. KEITH v. THE STATE.
(467 SE2d 222)

BEASLEY, Chief Judge.

Keith was convicted by a jury of two counts of cruelty to children, OCGA § 16-5-70 (b). Specifically, the jury found, as alleged, that he had maliciously caused cruel and excessive physical pain to the same male child on November 21, 1993, when he struck the then

nine-year-old child in the face with a plastic cord, and on May 4, 1994, when Keith struck the child, then age ten, with a hot iron. The iron left a first-degree burn on the child's right rib cage area, which the physician who examined the child testified would be "very painful." These incidents occurred during a period of several years during which Keith lived with the victim, his mother, and his sister.

The child testified that he was hit with the cord because he left it in the yard after he was told by defendant to pick it up and that he was hit by the iron one morning before he woke up to go to school. He was supposed to iron his own clothes for school. There was testimony that these acts were committed for the purpose of discipline.

The State gave advance notice that it would seek to introduce evidence of another incident on August 15, 1993, and a pretrial hearing was held in accordance with Uniform Superior Court Rule 31.3 (B) and *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). The earlier incident involved defendant's hitting the same child with an electrical cord, leaving marks on his abdomen and lower right leg. The boy understood that it occurred because he did not pick up his toys fast enough. The mother testified he had welts across his face. Keith pled guilty to simple battery in connection with this electric cord incident, on the day after he hit the child with the plastic cord.

The prosecution's stated purpose for offering this evidence was to prove defendant's intent toward the child, that he intended to inflict pain and that this was the purpose of the batteries, which were intended as a scheme of discipline. The court gave a limiting charge, the contents of which appellant does not challenge. Instead, his sole enumeration is that the admission of the August incident was error because the State did not show its admissibility for a proper purpose and because there was not a sufficient connection or similarity between that incident and the plastic cord incident of November 21 so as to tend to show defendant's intent in the charged instances.

The August incident occurred only two months earlier. One of the elements of the crimes charged is maliciousness, that is, the desire to bring pain to the victim. The repetitive nature of the defendant's attacks and the common purpose expressed for initiating them tended to prove this element. Thus the first prong of the *Williams* test was met. Cf. *Evans v. State*, 209 Ga. App. 606, 608 (434 SE2d 148) (1993) (Beasley, P. J., dissenting).

The appellant also urges that the August 15 incident was inadmissible because it was different and thus did not satisfy the third prong of the *Williams* test. To the contrary, the similarities are, literally, striking. The action was taken against the same victim, in the same place (home), for the same purpose (discipline), with a similar object (cord). The fact that the injuries may not have been inflicted on the same part of the child's body does not erase their similarity.

See *Farley v. State*, 265 Ga. 622 (458 SE2d 643) (1995).
The grounds raised by appellant do not show error.
*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 23, 1996.

David B. Brown, for appellant.
Robert E. Keller, District Attorney, Nancy Trehub, Assistant District Attorney, for appellee.