## 43145. SHORT v. THE STATE.
(345 SE2d 344)

Smith, Justice.

The appellant, Tina Louise Short, was indicted in Rockdale County along with her mother, Hazel Louise Short, and her cousin, Nickie Ford, for the kidnapping with bodily injury of Catherine Tucker Whitehead. A Rockdale County Jury found the appellant guilty of kidnapping and she was sentenced to twenty years imprisonment. Hazel Short was found guilty of kidnapping with bodily injury and sentenced to life imprisonment, and Nickie Ford was acquitted. The facts of the case can be found in *Short v. State,* 256 Ga. 165 (345 SE2d 340) (1986). The appellant enumerates five errors on appeal. We affirm.[1]

1. The evidence presented at trial was sufficient to meet the standard established in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant asserts that the trial court erred in failing to grant her motion for severance.

The appellant must make a clear showing of prejudice and a consequent denial of due process in her motion for severance. The grant or denial of a motion to sever is within the discretion of the trial court. Where there is no abuse of discretion, the denial of a motion to sever is not grounds for reversal. *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) (1975); *Harrell v. State,* 253 Ga. 474, 475 (321 SE2d 739) (1984). We find no error.

3. The appellant contends that the trial court erred in allowing into evidence the statements of Hazel Short and Nickie Ford thereby

---

[1] The crime was committed on Thursday, April 14, 1983. The Rockdale County Jury returned its verdict of guilty of kidnapping on August 17, 1985. A motion for new trial was filed September 6, 1985 and the transcript of evidence was filed in October 1985. The motion for new trial was heard and denied on December 9, 1985. Notice of appeal was filed January 15, 1986. The record was docketed in this Court on June 2, 1986 and submitted on March 7, 1986.

denying her the right to confront Hazel Short.

Ford's confession was introduced to the jury, and he testified during the trial. There was no error in allowing Ford's confession. *Allen v. State*, 255 Ga. 513, 516 (340 SE2d 187) (1986).

After being advised of her constitutional rights, the appellant gave the police a complete and detailed confession of her involvement in the kidnapping and murder of Ms. Whitehead and subsequent disposal of the body. That confession was considered by the court and determined to have been freely and voluntarily made.

The confession of Hazel Short was introduced to the jury but she did not testify at the trial. The rule in *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), which holds that the admission of a confession of a co-defendant who does not testify at a joint trial deprives the defendant of his Sixth Amendment right of confrontation if the co-defendant's confession implicates the defendant and the co-defendant does not testify, was violated. But the " 'overwhelming evidence of [the appellant's] guilt as manifested by [her] confession, which completely comported with the objective evidence, and the comparatively insignificant effect of [Hazel Short's] admission,' *Schneble v. Florida*, supra, at p. 427[,]" *Bell v. State*, 239 Ga. 146, 149 (236 SE2d 47) (1977), renders any *Bruton* error harmless in this case. " 'The "minds of an average jury" would not have found the state's case significantly less persuasive had the testimony as to [the] admissions been excluded.' *Schneble v. Florida*, supra, p. 432." *Baker v. State*, 238 Ga. 389, 392 (233 SE2d 347) (1977). We find no reversible error.

4. The appellant asserts that the trial court erred in denying her motion for a mistrial after her character was placed in issue.

A taped confession by Nickie Ford that was available to the attorney for the appellant prior to trial was played for the jury to hear. On the tape, Ford, in answering a question about where he saw the appellant and her mother, said, "They had stole — they had got Tony Criswell's truck from my house." Counsel for appellant moved for a mistrial alleging that statements made by the witness on the tape placed the appellant's character in evidence.

The State in arguing against the motion indicated that what Nickie said on the tape was difficult to understand and that he corrected himself after he said "stole" and said "got." Counsel for the appellant refused curative instructions, and the trial judge denied his motion for mistrial. Ford later testified that Tony Criswell was not mad when the appellant and her mother took the truck. We find no error.

5. The appellant contends that the trial court erred in giving the jury an *Allen* charge at a time when the jury had not indicated that it was deadlocked.

The record indicates that the jury had been deliberating for approximately six hours when at 7:20 p.m. the court received the following message, "What do we do if we cannot reach agreement on a case?" The trial judge then gave the jury a charge that is referred to as an *Allen* charge. See *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896). The decision whether or not to give a jury in disagreement an *Allen* charge is generally left in the discretion of the trial judge. See *Griner v. State*, 162 Ga. App. 207, 210-211 (291 SE2d 76) (1982). We find no error.

6. The appellant contends that the trial court erred in denying her motion for directed verdict, mistrial, severance as renewed at the end of trial, and motion for new trial as amended.

For the reasons stated in Divisions 1 through 4 above, we find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 16, 1986.

*M. Randall Peek,* for appellant.
*Robert F. Mumford, District Attorney,* for appellee.