S97A1403. PONDER v. THE STATE.
S97A1484. PONDER v. THE STATE.
S97A1503. WEBB v. THE STATE.
(491 SE2d 363)

CARLEY, Justice.

Three gunmen fired into a car, killing the driver, William Johnson, and wounding a passenger, Kishmet Rushin. The grand jury indicted Michael and Horace Ponder, who are brothers, and Cameron Webb, charging them with the felony murder of Johnson while in the commission of an aggravated assault against him and with the com-

mission of an aggravated assault against Rushin. The three were tried together and a jury returned guilty verdicts, upon which the trial court entered judgments of conviction and life sentences for the murder and 20-year terms for the aggravated assault. After the trial court denied their motions for new trial, the Ponders and Webb filed separate notices of appeal. The three cases are hereby consolidated for appellate disposition in this single opinion.[1]

1. Several eyewitnesses, including Rushin, positively identified the Ponders and Webb as the perpetrators. The three were well known to Johnson and his family. The mother of Johnson testified that, after the shootings, each of the three phoned her and admitted killing her son. None of the three testified or presented any evidence in rebuttal. The State's evidence was sufficient to authorize a rational trier of fact to find proof, beyond a reasonable doubt, of the guilt of the Ponders and Webb for the felony murder of Johnson and the commission of an aggravated assault against Rushin. *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During closing argument, the Assistant District Attorney made the following comment:

> Don't you think if they were somewhere else somebody would be in here ramming it down my throat as we speak? Huh? Pretty likely. My name is Joe Schmoe, I am friends with [Webb]. He was at my house watching T.V. He wasn't there. Figure it out.

This comment prompted a motion for mistrial. The trial court did not grant the motion, but did instruct the jury that the burden of proving guilt beyond a reasonable doubt never shifted from the State, that the defense had no burden of proving innocence and that no presumption of guilt should arise from the Ponders' and Webb's failure to testify. The trial court's denial of the motion for mistrial is enumerated as error.

---

[1] The crimes were committed on August 17, 1995. The grand jury returned the indictment against the Ponders and Webb during the January 1996 Term of the Superior Court of DeKalb County. The jury returned its guilty verdicts on December 10, 1996 and, on that same day, the trial court entered the judgments of conviction and sentences. Michael Ponder filed his motion for new trial on December 27, 1996, Webb filed his motion for new trial on December 31, 1996 and Horace Ponder filed his motion for new trial on January 2, 1997. The trial court denied all three of the motions for new trial on April 23, 1997. On April 30, 1997, Michael Ponder filed his notice of appeal and, on May 19, 1997, Horace Ponder and Webb filed their notices of appeal. Michael Ponder's appeal was docketed as Case No. S97A1403 on May 23, 1997, Horace Ponder's appeal was docketed as Case No. S97A1484 on June 6, 1997 and Webb's appeal was docketed as Case No. S97A1503 on June 10, 1997. Horace Ponder's appeal was submitted for decision on July 28, 1997 and Webb's appeal was submitted for decision on August 4, 1997. Oral argument of Michael Ponder's appeal was heard on September 15, 1997.

The prosecuting attorney can comment on the failure "to produce *certain witnesses* when the defendant testifies to the existence of a witness with knowledge of material and relevant facts, and *that person* does not testify at trial. [Cits.]" (Emphasis supplied.) *Morgan v. State*, 267 Ga. 203, 206 (3) (476 SE2d 747) (1996). Here, there was no evidence of the existence of any specific uncalled alibi witnesses, since the defense presented no rebuttal evidence at all. Accordingly, there was no evidentiary basis for arguing the failure of the defense to call a "certain" alibi witness. However, it was permissible to comment on the general failure of the defense to produce any evidence, since counsel for the State "may 'argue that evidence showing guilt has not been rebutted or contradicted[.]' [Cit.]" *Ingram v. State*, 253 Ga. 622, 634 (8) (323 SE2d 801) (1984). Here, counsel for the State did not violate the mandate of *Morgan* by commenting upon the failure of the defense to call a "certain" alibi witness, but made an authorized comment upon the general failure of the defense to rebut the State's proof that the Ponders and Webb were present at the scene of the crimes and were the three gunmen who perpetrated those crimes. *Wood v. State*, 234 Ga. 758, 759 (2) (218 SE2d 47) (1975); *Jones v. State*, 185 Ga. App. 879 (366 SE2d 238) (1988). See also *Thornton v. State*, 264 Ga. 563, 567 (4) (a) (449 SE2d 98) (1994); *Blige v. State*, 263 Ga. 244 (1) (430 SE2d 761) (1993). Since the comment was authorized, the trial court correctly denied the motion for mistrial.

3. Although, at one point, the jury indicated that it was deadlocked and that further deliberations would not prove useful, the trial court gave no *Allen*-charge. The failure of the trial court to do so is enumerated as error, the contention being that the jurors should have been instructed, in accordance with an *Allen* charge, that they were authorized to adhere to their honestly held beliefs.

An *Allen* charge was never requested by the Ponders or Webb. Moreover, the record shows that the trial court did include in its original charge an admonition that no juror should surrender his or her "honest opinion in order to be congenial or to reach a verdict solely because of the opinions of anyone else on the panel." The decision whether to give an *Allen* charge is within the trial court's discretion. *Short v. State*, 256 Ga. 172, 174 (5) (345 SE2d 344) (1986). There was no abuse of discretion in the trial court's failure to give an unrequested *Allen* charge in this case.

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 14, 1997 —
RECONSIDERATION DENIED OCTOBER 31, 1997.

*Dwight L. Thomas, Caprice J. Small,* for appellant (case no.

S97A1403).

*Virginia W. Tinkler,* for appellant (case no. S97A1484).

*Claudia S. Saari,* for appellant (case no. S97A1503).

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Jeffrey H. Brickman, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Christopher S. Brasher, Deborah L. Gale, Beth Attaway, Assistant Attorneys General,* for appellee.